Virginia YEARSLEY, Plaintiff and Petitioner,

v.

Officer Dean JENSEN, Washington Terrace Police Department, Officer Steven Wallerstein, South Ogden Police Department, Officer Steven Smith, Riverdale Police Department, Washington Terrace City, South Ogden City, and Riverdale City, Defendants and Respondents.

No. 890217.

Supreme Court of Utah.

Oct. 3, 1990.

John T. Caine, Ogden, for plaintiff and petitioner.

Andrew M. Morse, Salt Lake City, for Washington Terrace City and Officer Dean Jensen.

Joy L. Sanders, Salt Lake City, for South Ogden City and Officer Steven Wallerstein.

Robert K. Hilder, Dale J. Lambert, Salt Lake City, for Riverdale City, Officer Steven Smith and Riverdale Police Dept.

HOWE, Associate Chief Justice:

We granted certiorari to review a decision of the Utah Court of Appeals which affirmed the trial court without written opinion, case No. 880145–CA, dated March 30, 1989. Plaintiff Virginia Yearsley appealed to the court of appeals from the trial court's grant of summary judgment against her claims of assault and trespass on the ground that she had failed to comply with the one-year notice of claim requirement of Utah Code Ann. § 63–30–13. She also appealed from the trial court's refusal to allow her to file an amended complaint which alleged wrongful arrest and malicious prosecution.

This case arises from an incident which began during the late evening hours of August 28, 1983. Defendant police officers arrested the driver and a passenger of a motor home for driving while intoxicated and public intoxication. The police officers then apparently requested plaintiff, who had also been a passenger in the motor home, to move the motor home, which was parked in front of her house. She refused to leave her house, and an argument ensued. According to plaintiff, "[t]he officers drug [sic] her from her home to the porch and onto the driveway area where she was physically beaten and abused." She was arrested, handcuffed, placed in a

police vehicle, and at 11:35 p.m. taken to a hospital, where she was examined for possible injuries resulting from the altercation. She was then taken to the Weber County jail, where she was booked and jailed at 1:20 a.m. on August 29 for the misdemeanors of intoxication, disorderly conduct, interfering with arrest or detention, and assault on a police officer. She was released about 8 a.m.

Plaintiff sent notice of claim to the cities of Washington Terrace, Riverdale, and South Ogden, all of which employed the police officers, for damages for an assault and battery occurring on August 29, 1983, which was in fact one day after the actual altercation. The notice of claim specifically read:

> Pursuant to Section 63–30–12, Utah Code Annotated, as amended, 1980, comes now Virginia Yearsley, and hereby gives notice of her intention to pursue an action against the City of Washington Terrace, the City of Riverdale, and the City of South Ogden for the actions of certain police officers which injured her on August 29, 1983.
>
> WHEREFORE, claimant requests $100,000 for physical and emotional distress, in that the police officers from the [three cities] physically beat the claimant in the course of an arrest of a third party.[1]

The notice was signed by plaintiff and her attorney and was filed with defendant cities on August 29, 1984.

Plaintiff's claim was denied on September 17, 1985, pursuant to Utah Code Ann. § 63–30–14. Plaintiff then filed a complaint in the court below on November 27, 1985, against the cities and the officers alleging trespass and assault. Defendants ultimately responded with a motion for summary judgment, which was granted. Plaintiff then moved for leave to file an amended complaint in which "malicious" assault and battery and "malicious" arrest and prosecution were alleged, somewhat vaguely. After the court reviewed the proposed amended complaint, it refused to allow it to be filed, stating that any false or unlawful arrest occurred on August 28 and thus plaintiff's notice of claim failed to comply with the one-year notice of claim requirement of Utah Code Ann. § 63–30–13. The court also denied plaintiff's motion because the cause of action for malicious prosecution alleged therein was "quite different" from the claim, stated in her notice of claim which was for only assault and battery. The court of appeals affirmed without written opinion, and the trial court's rulings are now before us for review.

■ Plaintiff concedes that the assault and battery took place on August 28, but urges us to look at the officer's conduct as a sequence of tortious events that began on the 28th of August and extended over to the 29th and beyond. Therefore, plaintiff argues, the notice of claim filed on the 29th of August was timely since the tortious conduct which began on the 28th continued through the 29th. We cannot accept this reasoning. The notice of claim for $100,-000 for physical and emotional distress was specifically for the "physical beating" the claimant sustained in the course of an arrest of a third party. The alleged beating cannot, by any stretch of the facts, be considered to have extended into the 29th. Any beating which occurred, occurred on the 28th as plaintiff was arrested, handcuffed, and placed in a police vehicle by the officers. Any additional tortious conduct which may have occurred on the 29th was completely different in kind from the occurrences on the 28th.

■ Plaintiff also contends that the trial court abused its discretion in refusing to grant her motion for leave to amend her complaint. She points out that her motion came well ahead of the trial date, and she refers us to rule 15, Utah Rules of Civil Procedure, which directs that "leave shall be freely given when justice so requires." In her proposed amended complaint, plaintiff sought to recover damages for unlaw-

---

**1.** Trespass was not actually alleged in the notice, but that omission is not challenged by defendants.

ful arrest and malicious prosecution of criminal misdemeanors. Like the alleged assault and battery, any unlawful arrest clearly took place on August 28, when plaintiff was forcibly taken from her home, handcuffed, placed in a police car, and taken to the hospital. Any malicious prosecution of plaintiff, however, did not occur on the 28th but occurred subsequent to that date, and therefore, a notice of claim for that tort would have been timely filed on August 29, 1984. The difficulty with plaintiff's notice of claim filed on that date was that it complained only of assault and battery. No mention is made in it of any unlawful arrest or malicious prosecution. The claim was for $100,000 damages for physical and emotional distress arising from a physical beating. By no stretch of the facts can a claim for the physical beating be construed to include a claim for malicious prosecution.

Utah Code Ann. § 63–30–11(3)(a) sets forth the required contents of a notice of claim:

> (3)(a) The notice of claim shall set forth:
> (i) a brief statement of the facts;
> (ii) the nature of the claim asserted; and
> (iii) the damages incurred by the claimant so far as they are known.

The notice of claim filed by the plaintiff made general reference to "the actions of certain police officers which injured her on August 29, 1983." The only specific reference was to a physical beating. The only demand for damages was for physical and emotional distress arising from the physical beating. Not even an obscure reference was made to any other misconduct. In *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179 (Utah 1983), we were confronted with a similar problem. The plaintiff in that case moved to amend his complaint, but objection was raised by the defendant that the plaintiff was endeavoring to set forth additional allegations and claims outside the scope of the plaintiff's notice of intent to sue, which had been filed prior to commencement of the action as required by Utah Code Ann. § 78–14–8, dealing with claims and suits against health care providers. This court noted that section 78–14–8 required the notice of intent to sue to state "specific allegations of misconduct on the part of the prospective defendant." In the notice, plaintiff had cited specific allegations of the defendant's misconduct, including failing to diagnose a patient's dangerous mental condition and allowing him to possess a razor. We there held that punitive damages could be sought in an amended complaint because by doing so the plaintiff did not refer to new or different acts of misconduct. *Behrens*, 675 P.2d at 1183.

In the instant case, it is abundantly clear that the amended complaint seeking damages for malicious prosecution presented a new claim charging new and different misconduct from the claim made in the notice for assault and battery. While all of the claims lie in tort, the new allegations are distinctly different and defendants' liability would be altered significantly if relief was granted on them. The amended complaint is much more than a mere expansion or amplification of what was alleged in the notice. Indeed, a notice of assault and battery does not contemplate a malicious prosecution or a false arrest claim. Violence would have been done to the requirement of section 63–30–11(3)(a)(ii) that the notice of claim shall set forth "the nature of the claim asserted" if the court had permitted the amended complaint to vary so profoundly from the notice. There must be enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability.

We therefore hold that the trial court did not abuse its discretion in refusing to allow plaintiff to amend her complaint because any unlawful arrest clearly took place on August 28 and her notice of claim was filed one day late. Further, we hold that any unlawful arrest and malicious prosecution were clearly outside the scope of the nature of the claim and misconduct charged in the notice of August 29, 1984.

Judgment affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.