Shawn SHUNK, Plaintiff and Appellant,

v.

STATE of Utah, Jordan School District,
and Christine Savage, Defendants
and Appellees.

No. 940521.

Supreme Court of Utah.

April 26, 1996.

Rehearing Denied Oct. 11, 1996.

Lynn P. Heward, Salt Lake City, for plaintiff.

Jan Graham, Atty. Gen., Edward O. Ogilvie, Debra J. Moore, Asst. Attys. Gen., Salt Lake City, for defendants.

HOWE, Justice:

Plaintiff Shawn Shunk appeals from a summary judgment dismissing his complaint for failure to file a notice of claim with defendant Jordan School District as required by Utah Code Ann. §§ 63–30–11 and –13 of the Utah Governmental Immunity Act.

## FACTS

The facts are undisputed. On March 13, 1987, Shunk, a seventeen-year-old high school student, was seriously injured when defendant Christine Savage, an employee of Jordan School District, allegedly drove a school bus over his foot. On July 6, 1987, Shunk's counsel timely filed a notice of claim with the state office of education and the attorney general's office. The notice included a request for assistance in the event that Shunk had not notified the proper governmental entities. He received no response, however, from either office regarding the adequacy of his notice.

On July 28, 1988, Shunk filed an action against the State of Utah, Jordan School District, and Christine Savage for his personal injuries (*Shunk I*). The complaint alleged, "Plaintiff has complied with the requirements of [sections] 63–30–11 and [–]12, Utah Code Annotated 1953 as amended, by sending written notice of his claim to the state of Utah and the agency concerned herein within one year after his claim arose." The attorney general's office answered Shunk's complaint on behalf of all named defendants and admitted this allegation but asserted an affirmative defense that "[p]laintiff has failed to comply with the Governmental Immunity Act, Utah Code Ann. 63–30–1

et seq." On September 26, 1990, the trial court dismissed *Shunk I* without prejudice, apparently due to Shunk's failure to prosecute.

Subsequently, Shunk commenced the present action with new counsel (*Shunk II*). His new complaint alleged compliance with the notice of claim requirements in wording identical to the complaint in *Shunk I*. This time, however, defendants admitted only that notice had been sent to the state office of education. They also asserted as an affirmative defense that "[d]efendants are immune or this action is barred by virtue of the Utah Governmental Immunity Act, Utah Code Ann. § 63–30–1, et seq. including, without limitation, § 63–30–3, –4 and –10."

Defendants later moved to dismiss the complaint on the basis of plaintiff's failure "to properly serve a Notice of Claim under Utah Code Ann. § 63–30–11(2) and § 63–30–13 (1989)." Specifically, defendants argued that Shunk was required, as a prerequisite to bringing suit, to file a notice of claim with the governing body of Jordan School District. Inasmuch as he filed his notice only with the state office of education, defendants maintained that his claim was barred. The trial court agreed and entered summary judgment[1] in favor of defendants on the basis of its determination that "[p]laintiff failed to comply with the statutory notice of claim requirements found within Utah Code Ann. §§ 63–30–11, –13 (1993), requiring that notice of claim be filed with Jordan School District, the defendant political subdivision." Shunk appeals.

▉ We note at the outset that summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993). Inasmuch as summary judgment by definition involves only questions of law, we accord no deference to the trial court's legal conclusions but instead review them for correctness. *East Jordan Irr. Co. v. Morgan*, 860 P.2d 310, 312 (Utah 1993).

---

1. The trial court treated defendants' motion to dismiss as a motion for summary judgment because the parties raised matters outside of the pleadings. *See* Utah R.Civ.P. 12(b), 56(c).

At the time of Shunk's accident, section 63–30–13 provided:

> A *claim* against a political subdivision, or against its employee for an act or omission occurring during the performance of his duties, within the scope of employment, or under color of authority, *is barred unless notice of claim is filed with the governing body of the political subdivision* within one year after the claim arises, or before the expiration of any extension of time granted under Section 63–30–11(4).

Utah Code Ann. § 63–30–13 (emphasis added). Section 63–30–2(2) defines "political subdivision" to include any "school district." Thus, section 63–30–13 required Shunk to file his notice of claim with the governing body of Jordan School District within one year, which he concedes that he failed to do.[2]

Shunk attempts to avoid the dismissal of his action under section 63–30–13 by contending that defendants (1) are bound by their prior admission in *Shunk I* that Shunk had complied with the notice of claim requirements of the Act, and (2) are estopped from changing their position on whether he complied with the notice requirements.

■ It is unnecessary for us to determine when, if ever, an admission made in a prior case which is later dismissed without prejudice is binding on the parties in a subsequent case. This is because the admissions that defendants made here, even if binding, do not cure the deficiency in plaintiff's case. We begin by analyzing the allegation in plaintiff's complaint in *Shunk I* that "plaintiff has complied with the requirements of section 63–30–11 and –12, Utah Code Ann. (1953 as amended) by sending written notice of his claim to the state of Utah and the agency concerned herein within one year after his claim arose." In defendants' answer to the complaint, they admitted this allegation. Section 63–30–11 prescribes the required content of a notice of claim. Defendants do not contend that Shunk's notice of claim failed to comply with that section. The claim

was in the proper form and contained the required information.

Defendants also admitted that Shunk complied with section 63–30–12. That section provides that if the claim is against the State or its employee, the notice of claim must be filed with the attorney general and the agency concerned. Plaintiff chose to make the State of Utah a defendant in the action and had timely filed a notice of claim with the state attorney general and the state department of education. The State has not retreated from its admission that plaintiff had complied with sections 63–30–11 and –12.

Plaintiff's difficulty is that he did not allege in his complaint in *Shunk I* that he had complied with section 63–30–13, which requires that when a claim is against a political subdivision or its employee, a notice of claim must be filed with the governing body of the political subdivision. Section 63–30–2(2) defines "political subdivision" to include any school district. Since plaintiff was injured by the alleged negligent driving of Christine Savage, who was an employee of Jordan School District, he was obligated to file a notice of claim with the governing body of that school district. *Cf. Bellonio v. Salt Lake City Corp.*, 911 P.2d 1294 (Utah Ct.App.1996) (dismissing action by pedestrian injured in airport parking terrace for failure to serve governing body of city). Since plaintiff did not file a notice of claim with Jordan School District and did not allege in his original complaint that he had done so, defendants' admission in *Shunk I* in their answer to the complaint does not aid plaintiff in his pursuit of Jordan School District. Plaintiff's failure to file a notice of claim with Jordan School District is perhaps the reason that defendants, in answering the complaint, admitted plaintiff's compliance with sections 63–30–11 and –12 but asserted as an affirmative defense that "[p]laintiff has failed to comply with the Governmental Immunity Act, Utah Code Ann. 63–30–1 et seq."

Shunk's reliance upon *Forsman v. Forsman*, 779 P.2d 218 (Utah 1989), is misplaced.

---

**2.** While "governing body" is not specifically defined in the Utah Governmental Immunity Act, at the time of Shunk's accident, rule 4 of the *Utah Rules of Civil Procedure* specified that service of

process must be made on a local "school district ... by delivering a copy thereof to the president or clerk of the board." Utah R.Civ.P. 4(e)(7) (1986).

**882**

In that case, an agency of the state gave erroneous information to a claimant which prevented her from timely filing a proper notice of claim with the appropriate state agency. *Cf. Bischel v. Merritt,* 907 P.2d 275 (Utah Ct.App.1995). That did not occur in the instant case. Here the State gave Shunk no misinformation. His counsel simply did not follow the clear statutory requirement of section 63–30–13.

Shunk points out, however, that the notice of claim which he filed with the state department of education and the attorney general contained a request for assistance in the event that Shunk had not notified the proper governmental entity. Where the statutes are clear, as in this case, as to the requirement for serving a notice of claim on a political subdivision, we cannot require and the statutes do not require that the state or its subdivisions promptly notify claimants of deficiencies of the notice of claim so as to allow them an opportunity to timely rectify their error or deficiency.

It follows from the foregoing that there is no basis to invoke an estoppel against defendants for misleading plaintiff by their answer in *Shunk I.* As we have pointed out, plaintiff did not allege compliance with section 63–30–13, and defendants did not admit such compliance in their answer. In fact, defendants, by asserting the affirmative defense of noncompliance with the Act, gave notice that something remained to be done by plaintiff.

Finally, Shunk contends that defendants, in preparing and filing their answer to his complaint in *Shunk I,* failed to comply with the requirements of rule 9(c) of the Utah Rules of Civil Procedure. That subrule provides:

> (c) Conditions precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity and when so made the party pleading the performance or occurrence shall on the trial establish the facts showing such performance or occurrence.

Shunk asserts that this subrule required defendants, in their answer, to specifically deny that the notice of claim had been properly served on Jordan School District. He argues that had the denial in the answer been specific, he could then have corrected the deficiency. We disagree. Plaintiff did not allege in his complaint that "all conditions precedent have been performed or have occurred." He only pleaded that he had complied with sections 63–30–11 and –12. As we have already pointed out, defendants admitted that allegation. That is all they were required to do. They were not obligated to deny compliance with section 63–30–13 when plaintiff had not alleged such compliance.

Judgment affirmed.

ZIMMERMAN, C.J., and STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur in the opinion of HOWE, J.