**Tyrone BUSCH, Plaintiff and Appellant,**

v.

**SALT LAKE INTERNATIONAL AIRPORT, a government agency doing business in Salt Lake City, Utah, Defendant and Appellee.**

No. 960041–CA.

Court of Appeals of Utah.

July 26, 1996.

Denver C. Snuffer, Jr., Nelson, Snuffer & Dahle, P.C., Sandy, for Appellant.

Roger H. Bullock, Strong & Hanni, Salt Lake City, for Appellee.

Before ORME, P.J., DAVIS, Associate P.J., and BENCH, J.

## OPINION

BENCH, Judge:

Plaintiff appeals the trial court's dismissal of his personal injury action for failure to file his complaint within the time required by the Utah Governmental Immunity Act. *See* Utah Code Ann. § 63–30–1 to –38 (1993 & Supp.1995). We reverse and remand for further proceedings.

Plaintiff claims he was injured on April 23, 1993, while on a moving walkway at the Salt

Lake International Airport.[1] Plaintiff retained counsel, who, on August 9, 1993, served a notice of claim upon Ken Cowley, Salt Lake City Recorder, and Roger Cutler, Salt Lake City Attorney.

Plaintiff then changed counsel. After reviewing the file, plaintiff's new counsel was uncertain whether the notice of claim had actually been served, and apparently thought the notice might be defective. Further, counsel thought it necessary to provide notice to the United States Attorney, Utah Attorney General, Salt Lake County, Salt Lake City, and Salt Lake City Council. Therefore, on April 19, 1994, counsel sent out new notices of claim, by certified mail, to the aforementioned entities.

On March 30, 1995, plaintiff filed his complaint in district court. Thereafter, defendant moved to dismiss plaintiff's complaint on the basis that the complaint was not filed within one year of when the first notice of claim was deemed denied. After oral argument, the trial court granted defendant's motion to dismiss plaintiff's complaint with prejudice for being untimely. Plaintiff appeals that ruling.

■ To make a claim against a political subdivision, a plaintiff must comply with the provisions of the Governmental Immunity Act. Before a plaintiff may initiate a lawsuit against a political subdivision, a notice of claim must be provided to the "governing body" of the political subdivision within one year after the claim arises. Utah Code Ann. § 63–30–13 (1993). Section 63–30–13 operates as a one year limitation period for claims brought against a government entity. *Warren v. Provo City Corp.*, 838 P.2d 1125, 1128 (Utah 1992). If a plaintiff receives no response to the notice of claim from the government entity, the claim is deemed denied after ninety days. Utah Code Ann. § 63–30–14 (1993). After a plaintiff's claim is denied or deemed denied, plaintiff has one year in which to file a complaint. *Id.* § 63–30–15.

■ On August 9, 1993, plaintiff's first counsel had a constable serve a notice of claim upon the Salt Lake City Recorder, and the Salt Lake City Attorney. Neither the mayor nor the city council was served with notice at that time, even though they clearly constitute the governing body of Salt Lake City. *Bellonio v. Salt Lake City Corp.*, 911 P.2d 1294, 1296 (Utah App.) (citing Utah Code Ann. § 10–1–104(2) (1992)), *cert. denied*, 917 P.2d 556 (Utah 1996). The question, therefore, is whether the notice to the city recorder and the city attorney satisfied requirements of the Governmental Immunity Act. If the first notice of claim was valid, then the one year time period in which to file a complaint began to run after the first claim was deemed denied, and the complaint would not have been timely filed. However, if the first notice was invalid, then the second notice of claim, which was sent to the Salt Lake City Council within one year of the accident, commenced the time allowed for filing a complaint and the instant action would be timely.[2]

Salt Lake City argues that the one year time period in which to file a complaint began to run ninety days after the first notice of claim was served upon the Salt Lake City Recorder because the city recorder is the proper party to receive service of process for the city pursuant to Utah R.Civ.P. 4(e)(6). Salt Lake City points to *Shunk v. State*, 924 P.2d 879 (Utah 1996), for the proposition that serving a notice of claim upon the person designated by Rule 4 is close enough to governing body to be valid.

In *Shunk*, the plaintiff brought an action against the Jordan School District after serving notice upon the attorney general's office and the state office of education. *Id.* at 880. However, the plaintiff admittedly failed to serve the required notice upon the school district's governing body. *Id.* at 881 n. 2.

1. For purposes of this appeal, Salt Lake City Corporation concedes that it is the real party in interest because it owns and operates the Salt Lake International Airport.

2. The second notice was postmarked April 19, 1994, within one year of April 23, 1993, when the accident occurred. The second notice was deemed denied on or about July 18, 1994, and the complaint, filed on March 30, 1995, was timely because it was filed within one year of when the claim was deemed denied.

Although "governing body" is not defined in the Governmental Immunity Act, the supreme court noted that Utah R.Civ.P. 4(e)(7) (1986), specified that service of process must be made on a local school district by delivering a copy thereof to the president or clerk of the board. *Id.* at 881 n. 2.[3] Salt Lake City argues that note 2 in *Shunk* provides that a notice of claim is effective as long as it is served on the person designated in Rule 4.

It is important to note that Rule 4 applies specifically to service of a summons and complaint, not the prelitigation notice of claim required by statute when one wishes to assert a claim against a governmental entity. Filing a notice of claim upon the person designated in Rule 4 does not guarantee compliance with the Governmental Immunity Act if the person designated to receive service under Rule 4 is not also a member of the "governing body" of the political subdivision. We have consistently demanded strict compliance with the notice of claim requirements to satisfy the Governmental Immunity Act. *Bellonio,* 911 P.2d at 1297; *Brittain v. State,* 882 P.2d 666, 669 (Utah App.1994). For purposes of the Governmental Immunity Act, a notice of claim against Salt Lake City must be provided to the governing body, i.e., the mayor or city council. *See Bellonio,* 911 P.2d at 1296; Utah Code Ann. § 10–1–104(2) (1996). The city recorder and the city attorney are city officials with functions very different from those of the governing body.

■ The Governmental Immunity Act serves two important purposes. First, it affords the responsible public authorities an opportunity to investigate, settle, or deny a claim without expending public revenue for costly and unnecessary litigation. *Brittain,* 882 P.2d at 671. Also, compliance with the Governmental Immunity Act provides an opportunity to those vested with authority to remedy a dangerous condition so that further damage or injury can be avoided. *Sears v. Southworth,* 563 P.2d 192, 193 (Utah 1977). The city recorder and city attorney are not members of the governing body. *Bellonio,* 911 P.2d at 1296. Unless specifically authorized by the governing body, neither has the power to settle a claim or to remedy a dangerous condition.

We conclude that the first notice of claim served upon the city recorder and the city attorney was not sufficient to give notice of the claim to the governing body of Salt Lake City. To provide notice to the governing body of a city under the Governmental Immunity Act, a notice of claim must be served upon the mayor or city council. This was accomplished by plaintiff's second notice of claim. Therefore, the second notice of claim commenced the running of the time for filing plaintiff's complaint.

We reverse the trial court's order of dismissal and remand the case for trial or such other proceedings as may now be appropriate.

ORME, P.J., and DAVIS, Associate P.J., concur.

---

**3.** Rule 4(e)(7) has since been amended to provide for service of process upon a school district or board of education by delivering a copy to the superintendent or business administrator of the board. *See* Utah R.Civ.P. 4(e)(8) (1996).