Alicia LARSON, Plaintiff and Appellant,

v.

## PARK CITY MUNICIPAL CORPORATION and Michael Brown, Defendants and Appellees.

No. 970058.

Supreme Court of Utah.

March 27, 1998.

Glenn C. Hanni, Peter H. Christensen, Salt Lake City, for plaintiff and appellant.

Jodi Hoffman, Thomas A. Daley, Park City, for Park City.

Michael Brown, Park City, pro se.

RUSSON, Justice:

Alicia Larson appeals from the trial court's dismissal of her suit against Park City Municipal Corporation. The trial court dismissed Larson's suit because of Larson's alleged failure to properly file a notice of claim as required by the Utah Governmental Immunity Act. We reverse.

## BACKGROUND

Alicia Larson's claim arises out of a bicycle accident that occurred on June 19, 1993, in which she was injured while bicycling on a path owned and operated by Park City Municipal Corporation. She brought suit against both Park City and another bicyclist involved in the accident, Michael Brown, seeking damages for her personal injuries.

The Utah Governmental Immunity Act (the Act) governed Larson's suit against Park City because Park City is a governmental entity. Before Larson could file suit, the Act required her to file a notice of claim with the "governing body" of Park City within one year after the claim arose. Larson had to file her notice of claim no later than June 19, 1994.

To determine the "governing body" upon which notice of claim should be filed, Larson relied upon rule 4(e)(6) of the Utah Rules of Civil Procedure, governing *service of process* upon an incorporated city. That rule provides for personal service of a summons and/or complaint upon an incorporated city by delivering a copy thereof to the city recorder. Relying upon this rule, Larson prepared a notice of claim addressed to Park City; Anita Shelton, Park City Recorder; Janet Scott, Deputy City Recorder; and Jodi

Hoffman, City Attorney, and delivered the same to Deputy City Recorder Janet Scott on May 24, 1994.

The Act also provides that if no response to the notice of claim is received within ninety days, the claim is deemed denied, after which the claimant has one year to file suit against the governmental entity. Larson did not receive a response within ninety days of her delivery of notice of claim to the city recorder's office and therefore filed a complaint against Park City in district court on March 31, 1995.

Park City answered the complaint on May 5, 1995, and on October 17, 1996, moved to dismiss the complaint on the grounds that the trial court lacked jurisdiction inasmuch as Larson had failed to comply with the notice of claim requirement of the Act and that compliance therewith was a prerequisite to bringing suit.

Larson responded that her notice of claim was not defective, that even if it was, the defect was a procedural mistake, and that in the event the court dismissed her action, it should be dismissed without prejudice, allowing extended time for filing a proper notice of claim and a new action pursuant to the Utah Savings Statute. Utah Code Ann. § 78–12–40. The savings statute allows for additional time in which to file a new action in certain circumstances.[1]

In an order dated December 31, 1996, the trial court granted Park City's motion, dismissing the action "in its entirety with prejudice and on the merits." The trial court held that (1) the notice of claim was defective since it was not served on the "governing body as required by the Governmental Immunity statute," (2) failure to properly serve notice of claim is a condition precedent for filing suit, and therefore the court was without jurisdiction, and (3) the savings statute does not apply because "[n]otice of claim was not timely given."

On appeal, Larson argues that her written notice of claim served upon the Park City recorder pursuant to rule 4(e)(6) of the Utah Rules of Civil Procedure satisfied the requirement of the Governmental Immunity Act that written notice of claim be filed with the governing body of Park City. She argues that the statutory scheme and Utah case law have created confusion as to where notice of claim must be filed under the Act. She points out that the Act requires notice to be filed with the "governing body" of the city but it does not define "governing body." Moreover, she argues, while the Utah Court of Appeals held that rule 4 of the Utah Rules of Civil Procedure is inapplicable in determining where to file notice of claim under the Governmental Immunity Act, *Busch v. Salt Lake Int'l Airport*, 921 P.2d 470 (Utah Ct. App.1996), this court implied that such notice of claim filed in compliance with rule 4 would be proper. *Shunk v. State*, 924 P.2d 879 (Utah 1996). Furthermore, Larson argues that even if this court determines that her notice of claim was indeed defective, she should be allowed to take advantage of the savings statute, which would allow Larson to file notice of claim and serve her complaint in a timely fashion.

Park City responds that the notice of claim requirements of the Act have always been strictly enforced, that Larson was required to serve timely notice of claim on the governing body of Park City, that she failed to do so, and that serving the Park City recorder pursuant to rule 4 of the Utah Rules of Civil Procedure, which governs service of process and complaint, did not constitute written notice of claim on the governing body of Park City. Park City contends that because Larson failed to file a valid notice of claim, she was barred from filing the law suit against Park City, and the trial court was correct in dismissing the suit. Park City also argues that since Larson failed to serve timely notice of claim within one year as required by

---

1. The Utah Savings Statute provides:

    If any action is *commenced within due time and a judgment thereon for the plaintiff is* reversed, or if the plaintiff fails in such action or upon a cause of action *otherwise than upon the merits,* and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he dies and the cause of action survives, his representatives, may commence a new action within one year after the reversal or failure.

    Utah Code Ann. § 78–12–40 (1996) (emphasis added).

the Act, she did not commence a valid action against Park City and the savings statute therefore was not triggered. Park City argues that the dismissal of her action with prejudice was correct because there was no way Larson could correct her failure to file appropriate notice of claim inasmuch as the time requirements had expired.

The issues before us on appeal are (1) whether the trial court erred in dismissing Larson's complaint for failure to comply with the notice requirement of the Utah Governmental Immunity Act, and (2) whether the trial court erred in dismissing Larson's complaint with prejudice. Because our determination of the first issue resolves the matter on appeal, we do not reach the second issue.

## STANDARD OF REVIEW

■ Because a trial court's dismissal of a complaint under rule 12(b)(6) of the Utah Rules of Civil Procedure is a conclusion of law, " 'we review for correctness, granting no deference to the trial court's decision.' " *Valley Colour, Inc. v. Beuchert Builders, Inc.*, 944 P.2d 361, 363 (Utah 1997) (quoting *Whipple v. American Fork Irr. Co.*, 910 P.2d 1218, 1220 (Utah 1996)).

## ANALYSIS

The Governmental Immunity Act requires that before a claimant can file suit for injury against a "governmental entity," he or she must first file a written notice of claim "directed and delivered to the responsible governmental entity according to the requirements of Section 63–30–12 or 63–30–13." Utah Code Ann. § 63–30–11(2) & (3)(ii). The Act defines "governmental entity" as the state and its political subdivisions, and it defines "political subdivision" to include any county, city, or town. *Id.* § 63–30–2(3) & (7). Thus, a claim against a city is barred "unless notice of claim is filed with the *governing body* of the political subdivision within one year after the claim arises … regardless of whether … the function giving rise to the

claim is characterized as governmental." *Id.* § 63–30–13 (emphasis added).[2]

This court has consistently held that under this statutory scheme a legal action against a governmental entity is barred unless a notice of claim is properly filed in compliance with the Act. *Shunk*, 924 P.2d at 881; *Yearsley v. Jensen*, 798 P.2d 1127 (Utah 1990); *Scarborough v. Granite School Dist.*, 531 P.2d 480 (Utah 1975). Moreover, the Act clearly provides that the notice of claim must be filed with the "governing body" of a political subdivision. Unfortunately, the term "governing body" is not defined within the Act itself. However, the term "governing body" is defined in the general provisions of the Utah Code dealing with cities and towns, known as the Utah Municipal Code. Utah Code Ann. §§ 10–1–101 through 10–15–6. Subsection –104(2) defines "governing body" as follows:

"Governing body" means collectively the legislative body and the executive of any municipality. Unless otherwise provided:

(a) In cities of the first and second class, the governing body is the city commission;

(b) In cities of the third class, the governing body is the city council[.]

Utah Code Ann. § 10–1–104(2) (1996). Furthermore, section 10–3–105 states:

The governing body of cities of the third class shall be a council composed of six members one of whom shall be the mayor and the remaining five shall be councilmen.

Utah Code Ann. § 10–3–105 (1996). Therefore, Larson was required to file her notice of claim with the city council because Park City is a city of the third class.[3]

However, neither the Utah Governmental Immunity Act nor the Utah Municipal Code states how or in what manner a notice of claim should be filed with the city council. This court has stated that the purpose of such notice of claim is to provide the governmental entity an opportunity to correct the condition that caused the injury, evaluate the

---

2. Section 63–30–12 states that if the claim is against the state, a notice of claim must be filed with the attorney general and the agency concerned within one year after the claim arises or the claim is barred.

3. The parties appear to agree that Park City is a city of the third class.

claim, and perhaps settle the matter without the expense of litigation. *Stahl v. Utah Transit Auth.*, 618 P.2d 480, 482 (Utah 1980). In deciding how to file a notice of claim upon a city to satisfy the Act, a claimant has no other choice but to rely upon the statutes and upon the purpose of the notice statute in deciding how, and upon whom, such a notice of claim is to be filed.

In the case before us, Larson chose to file her notice of claim with the city recorder of Park City inasmuch as rule 4 of the Utah Rules of Civil Procedure designates that person for service of summons and complaint upon the city. A review of the Utah Municipal Code indeed reveals that the city recorder has such a significant relationship with the city council that one would be justified in filing notice of claim with the recorder. For example, the city recorder is appointed by the mayor with advice and consent of the city council. Utah Code Ann. § 10–3–916. The city recorder is required to be located at the place of the city council or somewhere convenient thereto. *Id.* § 10–6–137. The city recorder is required to attend the meetings of the governing body and keep a record of the proceedings. *Id.* The journal of the proceedings of the governing body is kept at the office of the city recorder. *Id.* § 10–3–603. All ordinances must be deposited in the office of the city recorder before they take effect. *Id.* § 10–3–711. Where a special meeting is required of the governing body, it is the responsibility of the city recorder to give notice to each member of the council personally or by leaving it at the member's place of abode. *Id.* § 10–3–502. Petitions for annexation, objections to those petitions, and amendments to those petitions are required to be *filed* with the city recorder. *Id.* § 10–2–403 (Supp.1997). And when a lawsuit is filed against a city, the city entity is served by leaving a copy of the summons and complaint with the city recorder. Utah R.Civ.P. 4.

■ A claimant who is required to file a notice of claim upon the governmental entity, Park City in this case, or its governing body, the city council, would reasonably and logically conclude upon review of the statutes that the city recorder is the proper person to receive that filing.[4] Indeed, in *Shunk*, this court stated:

> While "governing body" is not specifically defined in the Utah Governmental Immunity Act, at the time of Shunk's accident, *rule 4 of the Utah Rules of Civil Procedure* specified that service of process must be made on a local "school district ... by delivering a copy thereof to the president or clerk of the board."

*Shunk*, 924 P.2d at 881 n. 2 (emphasis added) (quoting Utah R.Civ.P. 4(e)(7) (1986)).

■ Therefore, we hold that the filing of a notice of claim pursuant to the Utah Governmental Immunity Act upon the governing body of a third class city is satisfied by filing such notice of claim with the city recorder. Alicia Larson filed her notice of claim with the city recorder of Park City and was justified in doing so. Because her notice of claim was filed within one year of her accident, it was timely. We reverse the trial court's dismissal for ineffective notice of claim and remand for further proceedings in accordance with this opinion.

ZIMMERMAN, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur in Justice RUSSON's opinion.

---

**4.** An alternative would be to require a claimant to personally serve all six members of the Park City Council. That would not make sense, as our statutes do not impose such a requirement in any other context.