1999 UT 36

**Owen RUSHTON, Plaintiff
and Appellant,**

v.

**SALT LAKE COUNTY, a political
subdivision of the State of Utah,
Defendant and Appellee.**

No. 980039.

Supreme Court of Utah.

April 16, 1999.

Carvel R. Shaffer, Bountiful, for plaintiff.

Douglas R. Short, Paul G. Maughan, Salt Lake City, for defendant.

RUSSON, Justice:

¶ 1 Plaintiff Owen Rushton appeals the district court's order of dismissal in favor of defendant Salt Lake County. The district court dismissed Rushton's claim against Salt Lake County on the ground that Rushton failed to comply with the notice requirements of the Utah Governmental Immunity Act. We affirm.

## BACKGROUND

¶ 2 In November of 1967, Salt Lake County (the "County") filed an eminent domain action to condemn several parcels of property in order to widen 5400 South at its intersection with 4300 West. As part of that action, County officials sought to condemn .53 acres of property owned by Owen Rushton.

¶ 3 In December of 1967, the court issued an order of immediate occupancy for the property in question, which gave the County the right to occupy and use the property in

the manner intended by the original condemnation resolution.

¶ 4 In August of 1969, LaMar Duncan, a deputy county attorney, visited the Rushtons' home and requested that they execute a quitclaim deed. Rushton, his first wife Carol, and his mother Annie conveyed the requested property to the County by quitclaim deed on August 29, 1969.[1] The quitclaim deed conveyed 1.02 acres of the Rushtons' property to the County, .49 acres more than that which had been condemned.

¶ 5 In September of 1969, the County, through its Board of Commissioners (the "Board"), approved payment to the Rushtons for the purchase of their land and issued a "claim form" requesting payment for 1.02 acres of land at $3,500 per acre, for a total of $3,573. However, the claim form did not have a warrant number and was not signed by the County Commissioners. Rushton asserts that he never received payment for any property conveyed by the quitclaim deed.

¶ 6 The County used the Rushtons' land as proposed—to widen the road at the intersection of 5400 South and 4300 West. The County did not, however, use all of the land the Rushtons conveyed in the quitclaim deed. For the next twenty-four years, the Rushtons cared for the excess portion of property conveyed to the County, which they believed to be theirs.[2] During that time, neither the County nor the Rushtons attempted to make use of the excess land.

¶ 7 In June of 1994, the Rushtons applied for a conditional use permit to build a group dwelling on the excess land. The County denied the Rushtons' application on the ground that the Rushtons had conveyed that land to the County by quitclaim deed in 1969.

¶ 8 On September 14, 1994, Rushton's second wife Myrna attended a Salt Lake County Commission meeting.[3] She presented a letter addressed to the Board expressing her concerns over the excess land the Rushtons had conveyed to the County. The letter stated the Rushtons' desire to develop the excess land and their inability to do so because of the boundary dispute. It also requested that the boundary be "corrected on the county record ... to match the original court order,"[4] which condemned only .53 acres. Myrna contended there should be no charge for correcting the deed and no further delay in obtaining the necessary building permits to complete the proposed development.

¶ 9 In addition, the letter detailed the history of the condemnation action and the quitclaim executed by the Rushtons. The letter stated that neither Owen, Carol, nor Annie realized the deed they signed conveyed more property than originally condemned by the County. Rather, they believed they had conveyed only .53 acres. In her letter, Myrna wrote that there had never been a marker or a fence to indicate the point where the Rushtons' land ended and the County's began. Instead, the Rushtons had used the curb and gutter constructed by the County as the boundary between what they believed to be their property and the land the County used to widen the road. Myrna's letter reiterated the Rushtons' claim that over the years they had maintained land which, unbeknownst to them, was owned by the County. Finally, the Rushtons asserted that the County never paid them for the value of their land.

¶ 10 In response, the Board stated that the quitclaim deed signed by the Rushtons and filed with the County indicated that the County owned the land in question. The Board suggested the Rushtons might be able to purchase the excess land from the County to proceed with their development and referred Myrna to the Salt Lake County Real Estate Department.

1. Rushton's quitclaim deed was recorded with the Salt Lake County Recorder on May 20, 1970.

2. The County made several requests to the Rushtons to keep the excess property free of weeds and debris. On one occasion, when the Rushtons failed to maintain the property to the County's satisfaction, the County performed the work itself and then billed the Rushtons for its efforts.

3. On June 9, 1993, Rushton appointed his wife Myrna as his attorney-in-fact for purposes of litigation. It was in this capacity that she addressed the Board.

4. In referring to the "original court order," Myrna probably meant to refer to the condemnation resolution of 1967.

¶ 11 On September 15, 1994, Myrna presented a second letter addressed to then-County Commissioner Jim Bradley. In this letter, Myrna objected to the Board's suggestion that the Rushtons simply buy back the excess land from the County. She reiterated Rushton's claim that, had he known of the inclusion of the excess land in the quitclaim deed, he would not have signed the deed. The letter also restated the Rushtons' claim that they were never paid for the value of the land condemned by the County. In closing, Myrna wrote, "With this further information in your hands, I ask that you reconsider and agree to a corrected QCD [quitclaim deed] on this property."

¶ 12 Neither of the letters expressed an intent to file suit against the County or to resort to legal action if the matter was not resolved. Furthermore, while the names of Myrna and Owen were typed at the end of the letters, neither letter was signed.

¶ 13 On March 13, 1996, approximately eighteen months after Myrna addressed the Board, Rushton filed an action in Third District Court, seeking a writ of mandamus ordering the County to convey the excess acreage to him. Rushton claimed he signed the quitclaim deed only because he believed the property had been condemned by an order of the court. He contended that, but for that belief, he would not have executed the deed that incorporated not only the original parcel of land the County condemned but also the excess acreage. Moreover, Rushton claimed he was never paid for either the original parcel of land or the excess acreage.

¶ 14 The County moved to dismiss the action, claiming that Rushton failed to file a notice of claim with the County, as required by the Utah Governmental Immunity Act (the "Immunity Act"), and that Rushton's action was barred by the statute of limitations. On December 22, 1997, the trial court granted the County's motion and dismissed Rushton's complaint on the ground that he failed to comply with the notice provisions of the Immunity Act.

¶ 15 On appeal, Rushton argues that the letters presented to the Board met the statutory requirements of notice prior to filing suit and that, therefore, the district court erred in granting the County's motion to dismiss. In response, the County argues that the notice requirements of the Immunity Act require strict compliance and that Rushton's letters did not meet the mandatory requirements of the Act. The County argues that even if we were to deem the Rushtons' letters to be sufficient notice of their claim against the County, Rushton's action would be barred because he did not file his action within the time frame specified by the Immunity Act. Furthermore, the County argues that Rushton's action for payment for the land he conveyed to the County is time-barred.

¶ 16 The issue before this court is whether the district court erred in granting the County's motion to dismiss on the ground that Rushton failed to comply with the notice provisions of the Immunity Act.

## STANDARD OF REVIEW

¶ 17 The proper interpretation of a statute is a question of law. *See Johnson v. Redevelopment Agency*, 913 P.2d 723, 727 (Utah 1995). Therefore, when reviewing an order of dismissal involving the interpretation of a statute, we accord no deference to the legal conclusions of the district court but review them for correctness. *See id.*

## ANALYSIS

¶ 18 To bring suit against a governmental entity for an injury, a party must file a written notice of claim with that entity. *See* Utah Code Ann. § 63–30–11(2) (Supp. 1998). Failure to file such notice deprives the court of subject matter jurisdiction. *See Madsen v. Borthick*, 769 P.2d 245, 250 (Utah 1988).

¶ 19 A notice of claim must include "(i) a brief statement of the facts; (ii) the nature of the claim asserted; and (iii) the damages incurred by the claimant so far as they are known." Utah Code Ann. § 63–30–11(3)(a). We have consistently required strict compliance with the requirements of the Immunity Act. Actual notice does not cure a party's failure to meet these requirements. *See, e.g., Larson v. Park City Mun. Corp.*, 955 P.2d 343, 345 (Utah 1998); *Shunk v. State*, 924 P.2d 879, 881 (Utah 1996);

*Yearsley v. Jensen,* 798 P.2d 1127, 1129 (Utah 1990); *Yates v. Vernal Family Health Ctr.,* 617 P.2d 352, 354 (Utah 1980); *Scarborough v. Granite Sch. Dist.,* 531 P.2d 480, 482 (Utah 1975).

¶ 20 A notice of claim provides the entity being sued with the factual details of the incident that led to the plaintiff's claim. Moreover, it "provide[s] the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation." *Larson,* 955 P.2d at 345–46.

¶ 21 Rushton asserts he filed sufficient notice of his claim against the County in the form of the letters Myrna hand-delivered to the Board on September 14 and 15 of 1994. We disagree. A review of the letters reveals that neither letter sufficiently set forth the nature of the claim asserted for statutory purposes. While the letters set forth the facts surrounding the boundary dispute, neither letter was presented to the Board as a notice of claim. Furthermore, they were not worded so as to alert the Board or the County to any impending legal action. In fact, there was no mention of the Rushtons' intention to seek any judicial remedy. Rather, the letters simply requested the County's assistance in settling the boundary dispute so the Rushtons could proceed with the development of their property. Such a request is not sufficient to state the nature of the claim asserted or to put the County on notice that a claim is being asserted against it. Therefore, the district court did not err in dismissing Rushton's complaint against the County for failure to comply with the notice requirements of the Immunity Act.[5]

¶ 22 Furthermore, Rushton's action fails because he did not file it within the time period prescribed in Utah Code Ann. §§ 63–30–14 & –15. After a valid notice of claim is filed, the governmental entity or its insurance carrier has ninety days in which to approve or deny the claim. *See* Utah Code Ann. § 63–30–14. If at the end of the ninety days the claim has not been approved or denied, it is deemed to be denied. *See id.* Once the claim is denied, a party has one year in which to initiate an action. *See id.* § 63–30–15. In the present case, Rushton argues he filed a valid notice of claim in September of 1994. However, Rushton did not file his action until March 13, 1996, one and a half years later. Therefore, even assuming there was a valid notice of claim, Rushton did not file his action within one year after the claim was either denied or deemed to be denied. Therefore, his action must fail.

## CONCLUSION

¶ 23 We affirm the district court's dismissal of Rushton's complaint against the County.

¶ 24 Associate Chief Justice DURHAM and Justice ZIMMERMAN concur in Justice RUSSON's opinion.

HOWE, Chief Justice, concurring in the result:

¶ 25 I concur in the result. I write to point out that in his complaint, Rushton sought both money damages and an order that the County reconvey to him the property described in the quitclaim deed in excess of the .53 acres that he claims he intended to convey and that the County intended to buy. To the extent that his suit constituted an equitable claim against the County, it would not be subject to the Immunity Act. *Bennett v. Bow Valley Dev. Corp.,* 797 P.2d 419, 422 (Utah 1990). However, Rushton did not argue that he had an equitable claim either in the district court or in his brief on appeal. He apparently first made that assertion in his oral argument before this court. That came too late since the County had no opportunity to respond.

¶ 26 Justice STEWART dissents.

---

5. We also note that neither letter was signed. Rather, the names of Myrna and Owen were typed at the end of the letter. *See* Utah Code Ann. § 63–30–11(3)(b) (Supp.1998) ("The notice of claim shall be: (i) signed by the person making the claim or that person's agent, attorney, parent, or legal guardian[.]").