412 P.2d 449

Frances SPENCER, Plaintiff and Appellant,

v.

SALT LAKE CITY, a municipal corporation of the State of Utah, Defendant and Respondent.

No. 10485.

Supreme Court of Utah.

March 18, 1966.

Thomas A. Duffin, Salt Lake City, for appellant.

Homer Holmgren, City Atty., A. M. Marsden, Asst. City Atty., Salt Lake City, for respondent.

McDONOUGH, Justice:

Plaintiff Frances Spencer sued Salt Lake City alleging that on the night of June 27, 1964, she suffered injuries when she tripped and fell on a defective sidewalk where tree roots had raised it about four to six inches in front of 463 Douglas Street.

Our statutes impose upon the City the duty of maintenance of streets and sidewalks, and it is established that the City is liable for negligence in performing this duty; see Nyman v. Cedar City, 12 Utah 2d 45, 361 P.2d 1114. Section 10-7-77, U.C.A.1953 provides that a person must file a claim within 30 days after the injury.

At pre-trial the district court granted the City's motion to dismiss on the ground (a) that the plaintiff had not filed her claim within 30 days; and (b) that the claim which was filed was insufficient in that it did not state the amount of damages claimed.

As to (a), it is alleged that the accident occurred on June 27, 1964. The claim is dated July 25, 1964, and was filed with the City Recorder on July 27, 1964. This is within the 30 days allowed by the statute.

As to (b): The claim gave the time, place and stated generally the nature of the alleged defect and the injury. Even if the fact that the amount of damages was not stated be regarded as a defect, that

**364**

surely should not be considered as rendering the claim a complete nullity. There is a wide difference between presenting no claim at all and presenting one of the kind shown here which evidently fulfills the main purpose of the statute: of giving the City the essential facts as soon as reasonably possible after the injury so that it will have ample opportunity to make a proper investigation. See Hurley v. Town of Bingham, 63 Utah 589, 228 P. 213. In such circumstances as this it is the duty of the court to look to substance rather than to technicality in order that plaintiff may have a fair adjudication of her claim. It seems unreasonable and captious to deprive her entirely of that opportunity for failing to specify the amount of damages she suffered within 30 days of her injury when it is obvious that neither she nor anyone else would know just what those figures were at that time.

Inasmuch as the plaintiff filed her claim within the 30 days allowed by statute, and the claim was sufficient to constitute substantial compliance with the statute and apprise the City of the essentials thereof, it is our opinion that the dismissal was in error. It is vacated and the case remanded for trial. No costs awarded.

HENRIOD, C. J., and CROCKETT, WADE, and CALLISTER, JJ. concur.