Kenneth M. JOHNSON, Plaintiff,

v.

CITY OF BOUNTIFUL, a Utah municipal corporation, and Todd Darren Cleverly, Defendants.

No. 1:96 CV 32 K.

United States District Court,
D. Utah,
Central Division.

March 9, 1998.

Peter C. Collins, Bugden, Collins & Morton, Salt Lake City, UT, Richard D. Riebel, Kevin M. Long, Godfrey, Braun & Hayes, Milwaukee, WI, for Plaintiff.

Roger H. Bullock, Kristin A. VanOrman, Sara E. Bouley, Strong & Hanni, Salt Lake City, UT, Russell L. Mahan, Bountiful, UT, for Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KIMBALL, District Judge.

This matter is before the Court on the motion for partial summary judgment of Plaintiff Kenneth Johnson and the joint motion for summary judgment of Defendants Darren Cleverly and City of Bountiful. The Court has carefully considered all pleadings, memoranda, deposition transcripts, and other materials submitted by the parties, and the arguments advanced by the parties at oral argument. Now being fully advised, the Court enters the following memorandum decision and order.

## I. BACKGROUND

This action arises from an automobile accident in which a City of Bountiful ("Bountiful") summer employee, eighteen-year-old Todd Cleverly, drove past a stop sign while driving a city water truck and collided with the passenger side of the vehicle in which Plaintiff, a Wisconsin resident, was riding. Plaintiff was seriously injured.

Officer Gary Haws arrived at the scene shortly after the accident happened and spoke with and observed Cleverly there. At no time did he suspect that Cleverly had been driving under the influence of drugs or alcohol. However, at the hospital and strictly as a matter of routine, Haws asked Cleverly to take a blood test. Before the test could be performed, Cleverly's parents arrived. After consulting with his parents and learning that marijuana's metabolite would be detected by the blood test, Cleverly refused to take the test. Cleverly's father told Haws that his son had told him that he had smoked marijuana the night before the accident. After conducting a thorough investigation, Haws concluded that Cleverly's marijuana use had nothing to do with the accident. Cleverly similarly believed that the effects of the marijuana had completely worn off before he started his job that morning.

While Plaintiff was still in the hospital, he was contacted by Bountiful City Attorney Russell Mahan. Prior to speaking with Mahan, Plaintiff's wife sought advice from a Wisconsin attorney, Richard Riebel. Mahan told Plaintiff and his wife that he was sorry about the accident, that Bountiful City was at fault, that Plaintiff should forward his bills to him and he would take care of them, and that they should not be concerned about anything

because everything would be taken care of. Bountiful subsequently paid for the paramedics' bill, airline tickets to Wisconsin for Plaintiff and his wife, Plaintiff's eyeglasses, and certain other medical expenses.

Plaintiff brought this action asserting a negligence cause of action against Bountiful arising out of its vicarious liability for the actions of Cleverly and a civil rights cause of action against Cleverly under 42 U.S.C. § 1983, alleging that Cleverly deprived Plaintiff of his constitutional right to substantive due process by driving the water truck while under the influence of drugs.

## II. STANDARD OF REVIEW

A motion for summary judgment under Rule 56 of the *Federal Rules of Civil Procedure* is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case. If the movant carries this initial burden, the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element. "An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant." *Wolf v. Prudential Ins. Co.,* 50 F.3d 793, 796 (10th Cir.1995). In applying the summary judgment standard, the factual record and reasonable inferences therefrom are to be examined in the light most favorable to the non-movant. *Id.*

## III. DISCUSSION

Defendants seek summary judgment on Plaintiff's negligence claim on the asserted ground that Plaintiff failed to comply with the notice of claim requirements set forth in the Utah Governmental Immunity Act. *Utah Code Ann. § 63–30–1 to § 63–30–38.* Defendants seek summary judgment on Plaintiff's civil rights claim on the asserted ground that Cleverly did not act with the reckless intent required for liability under § 1983. Plaintiff seeks summary judgment on his negligence claim on the asserted ground that the undisputed facts show that Cleverly's negligence was the sole proximate cause of Plaintiff's injuries. These claims are considered in turn.

## A. Compliance with the Utah Governmental Immunity Act.

■ Whether Plaintiff complied with the Utah Governmental Immunity Act is a matter of law when, as here, the essential facts are clearly established. *See Brittain v. Utah,* 882 P.2d 666, 668 (Utah App.1994) *(explaining that, in context of motion to dismiss, determination is matter of statutory interpretation).* Under the Act, a written notice of claim must be filed within one year after a claim arises. *Utah Code Ann. § 63–30–13.* The notice of claim must set forth: "(i) a brief statement of the facts; (ii) the nature of the claim asserted; and (iii) the damages incurred by the claimant so far as they are known." *Utah Code Ann. § 63–30–11(3)(a).*

The accident occurred on July 20, 1994. Plaintiff's counsel sent the mayor of Bountiful a one-paragraph letter dated January 4, 1995, which in its entirety states:

> This firm represents Kenneth M. Johnson who was injured in an auto accident in the City of Bountiful on July 20, 1994. A copy of the police report is attached. Please advise me of the insurance carrier for the City of Bountiful, if any, and the amount and nature of coverage provided.

Bountiful City Attorney Russell Mahan replied to the letter, which was properly addressed to the mayor, by informing Plaintiff that future contacts should be directed to him.

Defendants assert that this letter failed to comply with the Act in the following respects: (i) failing to set forth a brief statement of the pertinent facts, such as the link between Bountiful and the accident, that is, that one of its employees allegedly collided with the vehicle in which Johnson was riding; (ii) failing to explain the nature of the claim asserted or otherwise make Bountiful aware that Plaintiff actually intended to assert a claim; and (iii) failing to state the amount of

damages incurred so far as they were known at that time.

Plaintiff asserts three lines of defense: (i) that the letter substantially complied; (ii) that Bountiful is equitably estopped from enforcing the provision, and (iii) that Bountiful waived its right to enforce the provision.

### 1. Substantial Compliance.

■■■ Utah requires strict compliance with the notice of claim provision. *Bischel v. Merritt,* 907 P.2d 275, 279 (Utah App.1995). Nonetheless, *"defects in the form or content of notices of claim do not always act to bar a claim." Brittain,* 882 P.2d at 669. By including the police report and informing Bountiful that Plaintiff was injured, the letter may satisfy the first required element of a notice of claim.

The difficulty is satisfying the second and third required elements of an appropriate notice of claim. The letter does not state a claim or any intention to do so; nor does the letter state the amount of damages incurred or provide any other information about their extent or nature. There is simply nothing upon which even a sympathetic tribunal, as this Court is given the facts of this case, could base a finding of substantial compliance. *See, e.g., Spencer v. Salt Lake City,* 17 Utah 2d 362, 412 P.2d 449 (1966) *(excusing failure to state amount of damages under prior statute that required claim to be filed within 30 days on grounds that damages could not be known by then); Yearsley v. Jensen,* 798 P.2d 1127 (Utah 1990) (holding notice of claim for physical and emotional distress resulting from alleged assault and battery at the hands of police officers was insufficient description of nature of claim asserted). *Hence, this Court finds that Plaintiff did not substantially comply with the notice of claim provision.*

### 2. Estoppel.

■■■ "The State may not be estopped unless injustice would result and there would be no substantial adverse effect on public policy." *Plateau Mining Co. v. Utah Div. of State Lands,* 802 P.2d 720, 728 (Utah 1990). Plaintiff claims that such circumstances are

present here. Estoppel requires three elements:

(1) a statement or act by one party inconsistent with a claim later asserted;

(2) a reasonable action or inaction by the other party taken on the basis of the first party's statement or action;

(3) injury to the second party that would result from allowing the first party to contradict such statement or action.

*See CECO v. Concrete Specialists, Inc.,* 772 P.2d 967, 969 (Utah 1989).

Plaintiff claims that Bountiful City Attorney Russell Mahan made several statements that are inconsistent with the position Bountiful now asserts, that is, that Plaintiff's failure to submit a legally sufficient notice of claim prevents Bountiful from compensating him for his damages. Immediately after the accident, Mahan contacted Plaintiff by telephone and stated that Bountiful would accept liability for the accident, pay for his damages, and pay for airplane tickets for him and his wife to return to Wisconsin. After Plaintiff returned to Wisconsin, Mahan again contacted him and stated that Bountiful would pay for his damages.

Prior to January 4, 1995, Bountiful paid for Plaintiff's airfare, replacement of his eyeglasses, and at least one of his medical bills. After receiving the letter from Plaintiff's counsel dated January 4, 1995, Bountiful paid $20,058.64 of Plaintiff's medical bills to Plaintiff's health insurer. Such statements and actions are, indeed, inconsistent with the position Bountiful now takes.

In reliance on Mahan's statements and Bountiful's payment of medical expenses following receipt of the defective notice of claim, Plaintiff asserts that he reasonably believed Bountiful would pay for his damages without requiring further notice and took no further action. Although not sound legal practice, Plaintiff's inaction was reasonable in light of Mahan's assurances that Bountiful would pay, and Plaintiff would obviously be injured and the victim of injustice if Bountiful were now allowed to contradict such statements.

Defendant's concern that public policy will be adversely affected if settlement efforts

can be taken as grounds for estoppel is a legitimate one, but misplaced in this particular case. If Bountiful intended to condition payment of Plaintiff's expenses on submission of a legally sufficient notice of claim, Mahan should not have categorically assured Plaintiff that his damages would be paid. Defendants are, therefore, estopped as a matter of law from raising Plaintiff's failure to comply with the notice of claim requirement as a defense in this action.

### 3. Waiver

In light of the determination reached above, Plaintiff's waiver argument is not considered.

### B. Plaintiff's Negligence Claim.

[8] Plaintiff asks for partial summary judgment against Defendants with respect to the issue of Cleverly's negligence on the grounds that Defendants' sole defense, namely, that Plaintiff failed to comply with the notice of claim requirement, is invalid. However, Defendants also assert, and there appears to be some evidence in the record that may possibly indicate, that other factors contributed to Plaintiff's injuries. Accordingly, Plaintiff's motion requesting summary judgment on this point is denied.

### C. Plaintiff's § 1983 Claim.

■ In order to state a claim for relief under § 1983, Plaintiff must show: (1) that Cleverly acted under color of state law, and (2) that Cleverly violated a right of Plaintiff's secured by the Constitution or laws of the United States. *Wise v. Bravo*, 666 F.2d 1328, 1331 (10th Cir.1981). *Defendants maintain that Plaintiff is unable to establish either element.*

■ Assuming for the purpose of this decision only that Cleverly was acting under color of state law when the accident occurred, the right of Plaintiff's that Cleverly violated is not one that is actionable under § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d

433 (1979). A government official's conduct gives rise to a violation actionable under § 1983 when the official violates an individual's life, liberty, or property interest (1) with deliberate or reckless intent and (2) in a manner that shocks the conscience. *Williams v. City and County of Denver*, 99 F.3d 1009, 1014–15 (10th Cir.1996); see also *Webber v. Mefford*, 43 F.3d 1340, 1343 (10th Cir.1994).

■ "An act is reckless when it reflects a wanton or obdurate disregard or complete indifference to risk, for example when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death or grievous bodily injury." *Medina v. City and County of Denver*, 960 F.2d 1493, 1496 (10th Cir.1992) (internal quotation marks and citation omitted). *The "level of conduct" required to satisfy the second element is not capable of precise definition. "We do know, however, that the 'shock the conscience' standard requires a high level of outrageousness." Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir.1995), *cert. denied* 516 U.S. 1118, 116 S.Ct. 924, 133 L.Ed.2d 853 (1996).

These standards have been applied by the Tenth Circuit in two cases that are illustrative here. In *Williams*, the plaintiff was killed when a police officer ran a red light while driving 65 m.p.h. in a 35 m.p.h. zone on a main metropolitan thoroughfare at night without slowing down or activating his emergency siren. The officer was not responding to an emergency situation and had a driving history supporting "the inference that he was a scofflaw who deliberately operated his vehicle in a manner that imperiled the lives of those in his path." *Id.* at 1016. The Tenth Circuit held that such conduct could be viewed as reckless and conscience-shocking.

In *Apodaca v. Rio Arriba County Sheriff's Dep't*, 905 F.2d 1445 (10th Cir.1990), *the plaintiff was killed when a sheriff responding to a silent burglar alarm rounded a blind curve and collided with her car as she was making a left turn out of a restaurant parking lot. It was after midnight and had been raining and sleeting. The Tenth Circuit held that no constitutional violation oc-*

curred, but, rather, a tort that just happened to have been committed by a public official.

This is clearly an *Apodaca* case and not a *Williams* case. The only evidence in the record indicates that Cleverly was not impaired by drugs at the time of the accident. In the absence of any evidence that Cleverly acted other than negligently, no cause of action under § 1983 lies. Accordingly, Plaintiff's claim under that section is dismissed.

## IV. CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment is denied and Defendants' Motion for Summary Judgment is granted in part and denied in part as set forth above.