2000 Utah Ct. App. 109

STATE of Utah, Plaintiff and Appellee,

v.

James BEASON, Defendant
and Appellant.

No. 990371–CA.

Court of Appeals of Utah.

April 20, 2000.

Loni F. Deland and Michael R. Sikora, Salt Lake City, for Appellant.

Jan Graham, Attorney General, Kristine Knowlton, Attorney General's Office, Children's Justice Division, and Catherine M. Johnson, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, ORME, and WILKINS.[1]

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Defendant appeals from a conviction of two counts of aggravated sexual abuse of a child, first degree felonies, in violation of Utah Code Ann. § 76–5–404.1(3)(h) (1995). Defendant claims the trial court erred in concluding that a grandparent could occupy a special position of trust under Utah Code Ann. § 76–5–404.1(3)(h) (1995). We affirm.

### I. BACKGROUND

¶ 2 " 'In reviewing a jury verdict, we view the evidence and all reasonable inferences drawn therefrom in a light most favorable to the verdict. We recite the facts accordingly.' " State v. Kiriluk, 1999 UT App 30, ¶ 2, 975 P.2d 469 (quoting State v. Hamilton, 827 P.2d 232, 233–34 (Utah 1992)). During the summer of 1994, when M.B. was eleven years old and her sister H.B. was twelve years old, defendant cared for them while their parents worked. Defendant is the girls' step-grandfather.

¶ 3 Defendant often took M.B. and H.B. swimming. One day, while rubbing sun block on H.B., defendant placed his hands inside her swimsuit top and "rubbed" her breasts. After this first incident, H.B. estimated that defendant touched or kissed her breasts between fifty and one hundred times during 1994, 1995, and 1996. H.B. specifically recalled defendant touching her on several occasions before they went swimming, while ice-fishing, on Thanksgiving in 1996, at a family reunion during 1996, and after her karate lessons.

¶ 4 Defendant also touched and kissed M.B.'s breasts beginning in the summer of 1994. M.B. estimated that defendant touched or kissed her breasts two or three times a week. M.B. specifically remembered defendant touching or kissing her breasts while applying sunblock, and on Christmas day in 1996. Both H.B. and M.B. also witnessed defendant touching the other sister's breasts.

¶ 5 H.B. and M.B. did not immediately tell anyone, other than each other, about defendant's behavior. Both girls testified that they did not think that anyone would believe them because defendant was well liked. The girls also worried because their father was very close to defendant. Ultimately, H.B. began to talk to her sister and friends about committing suicide as a way to end defendant's abuse. H.B.'s friends convinced her to tell their school counselor about the abuse. The counselor spoke to both H.B. and M.B., and contacted the police.

¶ 6 In two separate cases, consolidated for trial, defendant was charged with one count of forcible sexual abuse, a second degree felony in violation of Utah Code Ann. § 76–5–404 (1995), and three counts of aggravated sexual abuse of a child, first degree felonies in violation of Utah Code Ann. § 76–5–404.1(3)(h) (1995). The Information included three statutory aggravating factors: defendant caused severe psychological injury to H.B.; defendant committed more than five separate violations; and, defendant occupied a position of special trust. See Utah Code Ann. § 76–5–404.1(3)(b), (g), (h) (1995).

¶ 7 A preliminary hearing was held on the combined charges. At the close of the preliminary hearing, defense counsel requested leave to brief several issues. During this discussion, the trial court requested that defense counsel also brief whether grandparents can occupy a position of special trust under section 76–5–404.1(3)(h).

¶ 8 Subsequently, the State submitted a request for ruling on bindover and a memo-

---

1. Justice Wilkins heard the arguments in this case prior to his swearing-in as a member of the Utah Supreme Court.

randum to the trial court. In the request for ruling, the State represented to the court that defense counsel told the prosecutor she would not dispute application of the aggravating factor of position of special trust because she believed that although grandparents were not specifically referred to in the statute, they were not excluded. Defendant did not provide a memorandum on this issue. The magistrate bound defendant over for trial as charged and concluded as part of the bindover order that a grandparent can occupy a position of special trust under the statute.[2]

¶ 9 Defendant was tried by jury. The jury deliberations were bifurcated into separate determinations of whether defendant sexually abused H.B. and M.B., and whether the offenses were aggravated. Prior to the second phase of deliberations, jurors were instructed on the meaning of "position of special trust."[3] The court did not instruct the jury on either of the other two aggravating factors charged in the Information. Defendant did not object to the jury instruction defining a person in a "position of special trust." The jury found defendant guilty of two counts of aggravated sexual abuse of a child, one count for each victim.

¶ 10 Thereafter, defendant filed a motion to arrest judgment, arguing that section 76–5–404.1(3)(h) excludes grandparents from the category of persons in a position of special trust. After a detailed analysis of the applicable statute, the trial court denied defendant's motion. Defendant now appeals.

## II. ANALYSIS

¶ 11 Defendant argues that the trial court erred in holding that a grandparent can occu-

py a position of special trust under the version of section 76–5–404.1(3)(h) applicable to his case, before its amendment in 1998. Defendant asserts that the statute excluded family members, including grandparents. The State argues that the language at issue excluded only parents or legal guardians who lived with the child victim, not extended family members such as grandparents. The State also contends that defendant waived any claim that he did not occupy a position of special trust under section 76–5–404.1(3)(h) by failing to object until after trial.

### A. Waiver

¶ 12 The State asserts that defendant's claim is procedurally barred because he failed to object to the position of special trust aggravating factor until after trial. The State also points out that defendant represented, prior to trial, that he would not dispute that he could occupy a position of special trust, and that defendant waited to assert his challenge to the aggravating factor until the State had abandoned other applicable aggravating factors.[4]

¶ 13 Defendant contends that his failure to object prior to or during trial was the result of defendant's erroneous assumption that the applicability of the aggravating factor was a question of fact rather than a legal issue. Defendant further argues that he preserved this issue for appeal by filing a motion to arrest judgment under Rule 23 of the Utah Rules of Criminal Procedure.

¶ 14 Generally, the failure to object to evidence or jury instructions at trial operates

---

2. On October 16, 1998, defense counsel withdrew and was replaced by defendant's current counsel.

3. Jury instruction number three, from the second phase of trial, provided

"Person in a Position of Special Trust" means that Position occupied by a person in a position of authority, who, by reason of that position is able to exercise undue influence over the victim, and includes, but is not limited to, a youth leader or recreational leader who is an adult, adult athletic manager, adult coach, teacher, counselor, religious leader, doctor, employer, foster parent, baby-sitter, adult scout leader.

4. The trial court made the following statement in denying the motion to arrest judgement

This matter was not raised as a matter of law at trial. During the trial while both counsel and the judge were meeting in chambers after the verdict in the first phase of the trial, the State was persuaded to eliminate its other claims of aggravation and rely just on this position of special trust. The State may not have done so had defense counsel, Mr. DeLand, been asserting then, as a matter of law, that a grandparent cannot be in a position of special trust.

as a waiver of defendant's claims. *See* Utah R. Evid. 103(a)(1); Utah R.Crim. P. 12(d), 19(c). "Under rule 12(d) [of the Utah Rules of Criminal Procedure], failure to raise a timely objection constitutes waiver unless 'the court for cause shown [grants] relief from such waiver.'" *State v. Belgard,* 830 P.2d 264, 265 (Utah 1992) (quoting Utah R.Crim. P. 12(d)) (second alteration in original). In *Belgard,* the Utah Supreme Court determined that, although defendant failed to object to the admission of evidence at trial, the objection was not waived when defendant raised the objection in a motion to arrest judgment and the trial court held an evidentiary hearing on the claim. *See id.* at 266; *see also State v. Seale,* 853 P.2d 862, 870 (Utah 1993) (determining defendant's issue on appeal was resuscitated when trial court considered claim first raised in motion for new trial); *cf. Estate of Covington v. Josephson,* 888 P.2d 675, 678 n. 5 (Utah Ct.App. 1994) (explaining party's claim first raised in motion to alter or amend judgment was not preserved for appeal when trial court simply denied the motion without taking evidence or holding a hearing).

¶ 15 In this case, the record indicates that defendant did not object to the position of special trust aggravating factor at the preliminary hearing stage or during trial. The defendant did, however, file a motion to arrest judgment, arguing that, as a matter of law, defendant was not in a position of special trust and that submission of this aggravating factor to the jury was error. Defendant's motion to arrest judgment was argued at the sentencing hearing, and ultimately denied by the trial court. In denying defendant's motion, the trial court concluded that defendant, as a grandparent, was not excluded by the statutory language and that defendant was in a position of special trust to the victims in this case. Because the trial court addressed the alleged error rather than finding it waived, the court granted defendant relief from his waiver and defendant's right to assert the issue on appeal was preserved. *See Belgard,* 830 P.2d at 265–66.

### B. Position of Special Trust

¶ 16 Defendant argues that, prior to the 1998 amendment, section 76–5–404.1(3)(h) exempted grandparents from the category of persons occupying a position of special trust. "'This court reviews the trial court's interpretation of a statute for correctness, giving no deference to the trial court's determinations.'" *American Fork v. Carr,* 970 P.2d 717, 719 (Utah Ct.App.1998) (quoting *State v. Gallegos,* 941 P.2d 643, 644 (Utah Ct.App.1997)).

¶ 17 Prior to amendment, section 76–5–404.1(3)(h) stated

> "position of special trust" means that position occupied by a person in a position of authority, who, by reason of that position is able to exercise undue influence over the victim, and includes, but is not limited to, the position occupied by a youth leader or recreational leader who is an adult, adult athletic manager, adult coach, teacher, counselor, religious leader, doctor, employer, foster parent, babysitter, or adult scout leader, though a natural parent, stepparent, adoptive parent, or other legal guardian, not including a foster parent, who has been living in the household, is not a person occupying a position of special trust under this subsection.

Utah Code Ann. § 76–5–404.1(3)(h) (1995). In 1998, section 76–5–404.1(3)(h) was amended to remove the family member exclusion and include "natural parent, stepparent, adoptive parent, legal guardian, grandparent, aunt, uncle, or adult cohabitant of a parent" in the list of those persons occupying a position of special trust. *Id.* § 76–5–404.1(3)(h) (1999).

¶ 18 Defendant asserts that though grandparents were not specifically included among the listed exemptions in the earlier version of the statute, the Legislature intended to exclude close family members including grandparents (and, apparently, step-grandparents) from the position of special trust definition. Defendant further contends that because grandparents were listed with previously excluded family members in the 1998 amendment, this court should interpret the earlier version of the statute as excluding grandparents.

¶ 19 "When examining a statute, we look first to its plain language as the best indicator of the legislature's intent and purpose in passing the statute. Only if that language is ambiguous do we then turn to a consideration of legislative history and relevant policy considerations." *Wilson v. Valley Mental Health,* 969 P.2d 416, 418 (Utah 1998). "[W]e presume that the Legislature used each term advisedly, and we give effect to each term according to its ordinary and accepted meaning." *Versluis v. Guaranty Nat'l Cos.,* 842 P.2d 865, 867 (Utah 1992). A statute is not ambiguous merely because the parties disagree about its meaning. *See Derbidge v. Mutual Protective Ins. Co.,* 963 P.2d 788, 791 (Utah Ct.App.1998). " 'A statute is ambiguous [only] if it can be understood by reasonably well-informed persons to have different meanings.' " *Id.* (alteration in original) (quoting *Tanner v. Phoenix Ins. Co.,* 799 P.2d 231, 233 (Utah Ct.App.1990)).

¶ 20 The version of section 76–5–404.1(3)(h) in effect during the relevant time period contained a non-exclusive list of people who were presumed to be in a position of special trust. *See* Utah Code Ann. § 76–5–404.1(3)(h) (1995) (specifying that position of special trust "includes, but is not limited to" certain named persons). Whether a person not specifically listed in the statute was in a position of special trust, defined as "a position of authority, who, by reason of that position is able to exercise undue influence over the victim," *see id.,* presents a question of fact to be determined by the trier of fact in each case.

¶ 21 We believe the statute's plain language does not exclude grandparents either explicitly or implicitly. Rather, the plain language excludes only "a natural parent, stepparent, adoptive parent, or other legal guardian, not including a foster parent, *who has been living in the household." Id.* (emphasis added). We find defendant's argument that this language meant to exclude an expansive category of family members unpersuasive, especially in light of the "who have been living in the household" language. *See State v. Redd,* 954 P.2d 230, 235 (Utah Ct.App. 1998) ("[A]ny interpretation of statutory language that would nullify other statutory provisions is improper."). In addition, the specification of persons presumed to occupy a position of special trust is not exclusive, as indicated by the phrase "includes, but is not limited to," and can apply to anyone not explicitly excluded. Thus, a grandparent may come within the ambit of this aggravating factor if adequate evidence convinces the trier of fact that he or she actually occupied a position of special trust.

¶ 22 Further, the statute's later amendment, classifying grandparents with parents and other persons does not lead to the conclusion that the prior version meant to likewise classify them with persons excluded from the statute's application. The Legislature, in amending the statute, merely added several categories of persons to those formerly presumed to occupy a position of special trust, some of which were previously excluded. Regardless of the statute's amendment, the applicable version is not ambiguous, having only one plain meaning, and we need not resort to other methods of interpretation.

¶ 23 Defendant does not dispute that sufficient evidence was presented at trial for the jury to determine that he occupied a position of special trust over his two step-granddaughters. Because we conclude that the version of section 76–5–404.1(3)(h) in effect during the relevant time period did not, as a matter of law, exclude grandparents from occupying a position of special trust, we affirm defendant's conviction.[5]

## III. CONCLUSION

¶ 24 In sum, because the trial court addressed defendant's claim, first raised in his motion to arrest judgment, that grandparents could not occupy a position of special trust under Utah Code Ann. § 76–5–404.1(3)(h) (1995) rather than finding it waived, defendant's right to assert the issue on appeal was preserved. The plain lan-

---

5. Because of our disposition we do not address defendant's claim of plain error raised for the first time in his reply brief.

guage of the applicable version of section 76–5–404.1(3)(h) neither explicitly nor implicitly excluded grandparents from occupying a position of special trust. Thus, a jury could find from the evidence presented that defendant did occupy such a position, an aggravating factor under the sexual abuse statute. Accordingly, we affirm.

¶ 25 I CONCUR: MICHAEL J. WILKINS, Judge.

¶ 26 I CONCUR, except that as to section II(A) I concur only in the result: GREGORY K. ORME, Judge.

