2003 UT 25

**Ted GURULE, Plaintiff and Appellant,**

v.

**SALT LAKE COUNTY, Defendant and Appellee.**

**No. 20010871.**

Supreme Court of Utah.

May 16, 2003. .

James C. Haskins, Thomas N. Thompson, Salt Lake City, for appellant.

David E. Yocom, Jay L. Stone, Salt Lake City, for appellee.

WILKINS, Justice:

¶ 1 Appellant, Ted Gurule, appeals the trial court's dismissal of his complaint for lack of subject matter jurisdiction. Gurule argues that the trial court's conclusion that Gurule failed to comply with the notice of claim provisions of the Utah Governmental Immunity Act, Utah Code Ann. section 63–30–11 (Supp.2002) (the "Act"), was in error. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Gurule was involved in a car accident on June 8, 1998 with a Salt Lake County Deputy Sheriff acting within the course of his employment. After sustaining injuries in the crash, Gurule sought to recover damages from Salt Lake County (the "County"). On October 16, 1998, Gurule filed a notice of claim with a county commissioner. That notice was addressed to the "Board of County Commissioners" and marked received by "Attorney Services" on October 19, 1998. After getting no response from the County, Gurule filed a complaint in the trial court on March 2, 1999. The County filed its answer on June 3, 1999, indicating that Gurule had failed to comply with the notice of claim provisions of the Act. Despite the County's argument, Gurule did nothing to remedy the alleged defect in the five days still remaining before the expiration of the one-year period to file a notice of claim. The County then filed a motion to dismiss for lack of subject matter jurisdiction because of Gurule's failure to comply with the Act, which the court ultimately granted.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 3 We review the dismissal of a case under the Act for correctness, giving no deference to the trial court's determination of law. *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 11, 24 P.3d 958.

### II. COMPLIANCE WITH THE ACT

¶ 4 On appeal Gurule asserts that he complied with the notice of claim provision because, he alleges, the County Clerk—the person to whom notice is to be directed—actually received the notice of claim after its delivery to a county commissioner. In the alternative, Gurule argues that his delivery of the notice of claim to the county commissioner should be deemed sufficient because it represents reasonably strict compliance.

¶ 5 The Act mandates that a "person having a claim for injury against a governmental entity ... shall file a written notice of claim with the entity." Utah Code Ann. § 63–30–

11(2) (Supp.2002). In the case of a claim against a county, the notice must be "directed and delivered" to the county clerk, not to a county commissioner. *Id.* § 63–30–11(3)(b)(ii)(B). This court has long required strict compliance with these provisions. *See, e.g., Greene v. Utah Transit Auth.,* 2001 UT 109, ¶¶ 12–14, 37 P.3d 1156 (noting history and recognizing 1998 amendments to the Act). Indeed, even actual notice of the claim, received by the appropriate governmental official, has been deemed insufficient to give the courts jurisdiction when a claimant fails to strictly comply with the statute. *Id.* at ¶¶ 15, 17.

¶ 6 In this case it is evident that Gurule did not deliver his notice of claim to the county clerk. Although both parties agree that during a commission meeting the notice was discussed and referred to the District Attorney's Office over the signature of a deputy county clerk acting as the Commission's clerk, there is nothing in the record to indicate that the county clerk ever saw or was in possession of the notice. Accordingly, Gurule did not strictly comply with the Act by delivering his notice of claim to a county commissioner.

¶ 7 Likewise, Gurule's notice is not saved by reasonably strict compliance with the statute. Gurule argues that ambiguity in the statute renders his compliance reasonable. The only authority for allowing less than strict compliance is found in cases which depended upon ambiguities in the Act; ambiguities clarified by the 1998 amendments. *See, e.g., Larson v. Park City Mun. Corp.,* 955 P.2d 343, 345–46 (Utah 1998) (allowing claim where statute was unclear as to where notice was to be filed). The 1998 amendments to the Act specifically list the county clerk as the proper official to receive the notice of claim for a county. Utah Code Ann. § 63–30–11(3)(b)(ii)(B) (Supp.2002). We find no ambiguity in section 63–30–11's command that notice be delivered to the county clerk, therefore, Gurule's cited authority for allowing reasonably strict compliance is inapplicable in this case.

¶ 8 This case is also unlike *Nuñez v. Albo,* 2002 UT App 247, 53 P.3d 2, which Gurule cites in support of his reasonably strict compliance argument. In that case, a medical malpractice action, the plaintiff sued a doctor employed by the University of Utah, a state institution. In order to comply with statutory requirements for filing a malpractice action, Nuñez filed a notice of claim with the doctor and the Utah Attorney General. *Id.* at ¶ 3. The doctor filed a motion for summary judgment, arguing he was immune from suit as an employee of the University. *Id.* at ¶ 5. Nuñez moved to amend her complaint to include the University as a defendant, but the trial court held that Nuñez failed to comply with the separate notice of claim provision of the Governmental Immunity Act. *Id.* at ¶ 6. The court of appeals held that the trial court erred because the notice of claim complied with the statutory requirements, which did not require the University of Utah or its medical school to be separately named. *Id.* at ¶¶ 23–27. The *Nuñez* case merely represents an application of the strict compliance standard and does not support the concept of reasonably strict compliance. Thus, we follow our long-held rule requiring strict compliance with the notice of claim provisions—a standard not met in this case.

## CONCLUSION

¶ 9 The trial court was correct in dismissing the case for lack of subject matter jurisdiction. Gurule failed to strictly comply with the notice of claim provisions of the Utah Governmental Immunity Act. Furthermore, there is no authority for allowing anything less than strict compliance in the absence of ambiguity in the statute, which is not present in this case. Accordingly, we affirm.

¶ 10 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Judge NEHRING concur in Justice WILKINS' opinion.

¶ 11 Justice RUSSON did not participate herein; District Judge RONALD E. NEHRING sat.