2004 UT App 328

**Delone PEEPLES, an individual,
Plaintiff and Appellant,**

v.

**STATE OF UTAH; and Magna Investments and Development, a limited partnership, Defendants and Appellee.**

No. 20030509–CA.

Court of Appeals of Utah.

Sept. 23, 2004.

Brock Van de Kamp and Dustin Lance, Siegfried & Jensen, Murray, for Appellant.

Mark L. Shurtleff, Attorney General, Barry G. Lawrence and Nancy L. Kemp, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges DAVIS, JACKSON, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 The trial court dismissed Delone Peeples's complaint for failure to strictly comply with the Utah Governmental Immunity Act (Act), which requires claimants to present a "brief statement of the facts" in their mandatory notice of claim. Utah Code Ann. § 63–30–11(3)(a)(i) (1997).[1] We reverse and remand.

## FACTUAL BACKGROUND[2]

¶ 2 On December 5, 2001, Peeples slipped and fell on an icy sidewalk in front of the Utah State Liquor Store located at 1863 East 7000 South in Salt Lake City, injuring her hip. Peeples's attorneys first informed the Utah State Risk Management Department (the Department) of Peeples's accident by letter dated March 12, 2002. This initial letter identified Peeples, stated the date and alleged cause of the accident, asserted that Peeples had suffered multiple injuries, and identified by address the liquor store where the accident occurred. The letter also re-

---

1. Effective July 1, 2004, the relevant provision was reenacted as Utah Code section 63–30d–401(3)(a)(i).

2. "When determining whether a trial court properly dismissed a complaint, we accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." *Wood v. University of Utah Med. Ctr.*, 2002 UT 134, ¶ 2, 67 P.3d 436, *cert. denied,* —— U.S. ——, 124 S.Ct. 388, 157 L.Ed.2d 276 (2003). "We recite the facts accordingly." *Id.*

quested information regarding insurance coverage.

¶ 3 On June 17, 2002, Peeples's attorneys sent the Department another letter describing Peeples's background and injuries in greater detail, along with other reports and information related to the accident. This letter also identified Peeples and the date of the accident, but referred to the location of the accident solely as "the Utah State Liquor Store." An ambulance report that appears to have been enclosed with this letter indicates that Peeples was transported by ambulance from 1864 East Fort Union, an address very near the liquor store identified in the March 12 letter.

¶ 4 On September 18, 2002, Peeples filed a notice of claim with the Utah Attorney General pursuant to the Act. Peeples's notice of claim contained the following statement of the facts and circumstances of her accident: "On December 5, 2001, Ms. Peeples fell in front of a Utah State Liquor Store on ice, which was allowed to accumulate on the sidewalk, from a poorly designed rain gutter that drains onto the top of the sidewalk, rather than underneath it." The notice of claim did not identify the liquor store by address or otherwise.

¶ 5 Peeples brought suit against the property owner and the State. The State moved to dismiss Peeples's claim pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure, alleging that she failed to strictly comply with the Act's requirement that her notice of claim include a "brief statement of the facts." Utah Code Ann. § 63–30–11(3)(a)(i) (1997). The trial court concluded that, in a slip and fall case, the brief statement of the facts required by the Act "must identify the location of the accident." Notwithstanding the prior communications between Peeples's counsel and the Department, the trial court concluded that because Peeples's notice of claim failed to provide the address where her accident occurred, Peeples failed to comply with the "brief statement of the facts" provision of the Act. *Id.* The trial court subsequently dismissed the State from Peeples's lawsuit. Peeples appeals.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶ 6 The sole issue on appeal is whether the trial court properly dismissed Peeples's complaint for failure to comply with the Act's notice of claim provisions. "Compliance with the ... Act is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities. Accordingly, a district court's dismissal of a case based [on the Act] is a determination of law that we afford no deference[and review] for correctness." *Wheeler v. McPherson,* 2002 UT 16,¶ 9, 40 P.3d 632 (citations omitted).

## ANALYSIS

¶ 7 The Act requires that a notice of claim "shall set forth: (i) a brief statement of the facts; (ii) the nature of the claim asserted; and (iii) the damages incurred by the claimant so far as they are known." Utah Code Ann. § 63–30–11(3)(a)(i)–(iii) (1997). Decisions of this court and the Utah Supreme Court have uniformly held that claimants must strictly comply with the Act's notice provisions. *See, e.g., Gurule v. Salt Lake County,* 2003 UT 25,¶ 5, 69 P.3d 1287; *Nunez v. Albo,* 2002 UT App 247,¶ 21, 53 P.3d 2, *cert. denied,* 59 P.3d 603 (Utah 2002). "The only authority for allowing less than strict compliance is found in cases which depended upon ambiguities in the Act." *Gurule,* 2003 UT 25 at ¶ 7, 69 P.3d 1287; *see, e.g., Larson v. Park City Mun. Corp.,* 955 P.2d 343, 345–46 (Utah 1998) (allowing claim where statute was unclear as to where notice was to be filed).

■■■ ¶ 8 "When faced with a question of statutory construction ... this court first looks to the plain language of the statute." *In re Estate of Flake,* 2003 UT 17,¶ 25, 71 P.3d 589. "In construing a statute, we assume that 'each term in the statute was used advisedly; thus the statutory words are read literally, unless such a reading is unreasonably confused or inoperable.'" *Id.* (quoting *Savage Indus., Inc. v. Utah State Tax Comm'n,* 811 P.2d 664, 670 (Utah 1991)). We find no ambiguity in the Act's "brief statement of the facts" provision and conclude that the plain language of that provi-

sion does not require specifics.[3] While specific information might well be helpful, it would not be appropriate for this court to "improve" the statute by reading an additional element into the legislatively mandated notice requirements. Pursuant to statute, a claimant complies merely by providing a brief statement of facts about the claim being made.

¶ 9 Having determined that the Act, while not a model of specific clarity, is not ambiguous, our analysis turns to whether Peeples's notice strictly complied with the Act. The strict compliance standard favors the State, and its application often results in the barring of claims. *See, e.g., Gurule*, 2003 UT 25 at ¶¶ 4–8, 69 P.3d 1287 (barring claim when notice was not properly directed to county clerk, even though notice was timely directed to county commissioner); *Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 17, 37 P.3d 1156 (barring claim when notice was not properly directed to president or secretary of UTA board, despite communications with and timely notice to claims adjustor); *Thimmes v. Utah State Univ.*, 2001 UT App 93, ¶¶ 2, 6–7, 22 P.3d 257 (barring claim when notice directed to risk management rather than attorney general). Strict compliance is not, however, a one-way street, and a claimant is not required to do more than the Act clearly requires. Notice need not be given to any person other than that directed by statute, even if that person's awareness of the claim might facilitate investigation or settlement; notice provided exactly one year after an injury arises is just as timely as notice comfortably provided six months earlier; and so on. All that is required is simple compliance, and there is no need for a claimant to exceed the Act's requirements even if such action might more optimally accomplish the purposes underlying the Act.

¶ 10 In this case, Peeples's notice does strictly comply with the Act's requirements. The relevant sentence from Peeples's notice of claim states that "[o]n December 5, 2001, Ms. Peeples fell in front of a Utah State Liquor Store on ice, which was allowed to accumulate on the sidewalk, from a poorly designed rain gutter that drains onto the top of the sidewalk, rather than underneath it." By definition, this is a statement. It contains multiple facts, including the date of Peeples's injury, its alleged cause, details of the alleged property defect, and that the injury occurred at a Utah State Liquor Store. Finally, as complained of by the State, it is undeniably brief.[4] Peeples's satisfaction of these factors complies with the "brief statement of the facts" requirement of the Act.[5]

¶ 11 Even if we were to view the brevity of Peeples's claim as a defect, "defects in the form or content of notices of claim do not always act to bar a claim." *Brittain v. State*, 882 P.2d 666, 669 (Utah Ct.App.1994); *cf. Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1183 (Utah 1983); *Spencer v. Salt Lake City*, 17 Utah 2d 362, 412 P.2d 449, 450 (1966) (finding sufficient

---

3. "A statute is not ambiguous merely because the parties disagree about its meaning." *State v. Beason*, 2000 UT App 109, ¶ 19, 2 P.3d 459. Rather, " ' "[a] statute is ambiguous [only] if it can be understood by reasonably well-informed persons to have different meanings." ' " *Id.* (second alteration in original) (quoting *Derbidge v. Mutual Protective Ins. Co.*, 963 P.2d 788, 791 (Utah Ct.App.1998)) (other citation omitted). Our conclusion that the statutory language is unambiguous renders irrelevant any dispute over whether Peeples's notice satisfied the legislative intent of the Act. *See State v. Vigil*, 842 P.2d 843, 845 (Utah 1992) ("To determine [what] the legislature intended ... we begin with the statutes' plain language. We will resort to other methods of statutory interpretation only if we find the language of the statutes to be ambiguous."), *overruled in part on other grounds by State v. Casey*, 2003 UT 55, 82 P.3d 1106.

4. Judge Jackson's concurring opinion would find a point at which a "brief statement of the facts" can be too brief. This author does not find that issue to be before the court today, and accordingly refrains from joining in Judge Jackson's otherwise thoughtful concurrence.

5. We are not unaware of the potential for mischief that our literal interpretation of the Act's language may present. As a practical matter, however, claimants have an interest in providing sufficient facts to move their claims forward and avoid litigation over the adequacy of their notice. There is no evidence in this case that the omission of the location of Peeples's accident was a significant impediment to the State obtaining adequate information concerning the claim or acting upon it.

notice of claim despite failure to declare the amount of damages as required by statute). We find the supreme court's analysis of a similar provision within the Utah Health Care Malpractice Act, *see* Utah Code Ann. §§ 78–14–1 to –17 (2002), to be instructive:

Defendant also argues that denial of the motion [to amend] was proper because the proposed amendment set forth additional allegations and claims outside the scope of plaintiff's notice of intent to sue, which had been filed prior to commencement of this action. A notice of intent to sue, as required by [Utah Code section 78–14–8 (2002)], is not intended to be the equivalent of a complaint and need not contain every allegation and claim set forth in the complaint.... Although the notice must include "specific allegations of misconduct on the part of the prospective defendant," that requirement does not need to meet the standards required to state a claim for relief in a complaint. The parties need to give only general notice of an intent to sue and of the injuries then known and not a statement of legal theories.

*Behrens,* 675 P.2d at 1183. In our view, the Act's "brief statement of the facts" requirement is no more stringent than the "specific allegations of misconduct" requirement addressed in *Behrens.* As such, factual notice under the Act need not "meet the standards required to state a claim for relief," and factual defects in the notice will not bar a claim so long as the claim gives "general notice of an intent to sue." *Id.*

¶ 12 While the State may desire more information than Peeples provided, that desire does not render Peeples's notice insufficient under the plain language of the Act. Rather, the State may obtain the desired information through formal discovery, informal communications with claimant's counsel, and/or its own investigation.[6] Alternatively, the legislature may choose, as it has in the past, to require claimants to provide more specific facts in a notice of claim. *See, e.g., Sweet v. Salt Lake City,* 43 Utah 306, 134 P. 1167, 1169 (1913) (discussing prior version of the

Act requiring, in certain claims, notice "stating the particular time at which the injury happened, *and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the said injury or damages*" (emphasis in original)).

¶ 13 Because the Act's "brief statement of the facts" requirement is unambiguous, Peeples's notice of claim was required to provide such a statement, no more and no less. Peeples's notice contained a brief statement of facts about her alleged accident and injury. Therefore, her notice strictly complied with the Act's requirement.

## CONCLUSION

¶ 14 The trial court incorrectly ruled that Peeples's notice of claim did not strictly comply with Utah Code section 63–30–11(3)(a)(i). We reverse and remand to the trial court for further proceedings consistent with this opinion.

JACKSON, Judge (concurring):

¶ 15 I concur in the opinion but write separately to lay out my methodology for understanding what the broad "brief statement of the facts" demands of claimants. *See* Utah Code Ann. § 63–30–11(3)(a)(i) (1997) *repealed and reenacted as* § 63–30d–401 (Supp.2004). Starting with the plain language of the Utah Governmental Immunity Act (the Act), the pivotal term "brief" indicates that the claimant need not recite in comprehensive detail all of the facts pertaining to the claim. Thus, I conclude that the requirement is not an exacting one and that the State has no reasonable expectation that a claimant's notice will satisfy every informational need.

¶ 16 The analysis could end here, but this case raises a further question: Even if the State cannot expect to have all of the details, is there a point at which a claimant's statement of the facts is so devoid of information as to be insufficient? In other words, can a claimant's "brief statement of the facts" be,

---

6. In this case, the State had actual knowledge of the location of Peeples's accident from prior correspondence with Peeples's attorneys.

in fact, too brief? I agree with Judge Thorne that a claimant's statement of the facts should not be faulted for brevity, but, in my view, there is a point—albeit a considerably low one—at which a statement of the facts can be overly brief.

¶ 17 The point at which a brief statement of the facts becomes insufficient is defined in part by the purposes of the Act. Although we focus on the " 'plain language,' " we also "recogniz[e] that 'our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve.' " *Dowling v. Bullen*, 2004 UT 50,¶ 8, 94 P.3d 915 (quoting *Evans v. State*, 963 P.2d 177, 184 (Utah 1998)). Accordingly, I agree with the dissent that the notice required by the Act seeks to achieve the dual purposes of (1) affording the State with an opportunity to investigate and expeditiously settle the case and (2) allowing the State to correct dangerous conditions. *See, e.g., Wills v. Heber Valley Historic R.R. Auth.*, 2003 UT 45,¶ 6, 79 P.3d 934; *Larson v. Park City Mun. Corp.*, 955 P.2d 343, 345–46 (Utah 1998).

¶ 18 However, in assessing the statutory methods by which these purposes are to be achieved, I determine that the brief statement of the facts plays only a minor role. Of course, in emphasizing the notice's reduced role I do not mean to diminish the claimant's responsibility to provide timely and accurate information. Nonetheless, it seems almost axiomatic to me that a "brief statement of the facts" was not intended to act as the primary vehicle for the State's investigation and remedial efforts.

¶ 19 Ideally, the "brief statement of the facts" should be informative and useful. A circumspect claimant would probably include the address of an accident. However, based on my understanding of the notice requirement's limited role, I conclude that a notice's brief statement of the facts is sufficient, at a

minimum, when it both identifies the claimants and the general facts establishing the claim.[1] Such information is enough to meet the notice's primary goal in the statutory scheme: to warn the State that a particular plaintiff now plans to assert a particular claim and that all prior and subsequent information provided by the claimant should be collected, organized, and investigated.

¶ 20 I disagree with the dissent's position that the sufficiency of a claimant's notice with regard to these purposes should become a matter of fact-intensive inquiry. Although the "brief statement of the facts" requirement invites judicial fact-weighing in this case, I am concerned that such an approach may prove wasteful and ultimately unfair. A fact-intensive analysis would undermine judicial economy since the sufficiency of every "brief statement of the facts" would fall into question. More importantly, it also places an unfair burden on claimants to intuit what information a particular State entity may or may not require to expeditiously investigate and repair a particular incident. For example, would it be sufficient for a claimant injured on the grounds of the state capitol to include the address of the capitol or would the State require more precise information? Such high stakes should not be attached to a citizen's relatively unimportant determination of which details to include in the "brief statement of the facts" and which to include in more comprehensive filings.

¶ 21 In the present case, the State had sufficient information to investigate the claim because Peeples identified herself and the facts underlying her claim. Also, prior to the notice, she provided information indicating the location of the accident, and therefore she was not required to restate the information in her brief statement of the facts.

¶ 22 Accordingly, I concur in the opinion.

---

1. I emphasize "general" facts because it is only natural that the level of detail required in a notice supported by a "brief statement of the facts" ought to be less stringent than that required by a formal pleading. *See* Utah R. Civ. P. 8(a) (requiring pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Because our notice-pleading requirements are already minimal,

see *Guardian Title Co. v. Mitchell*, 2002 UT 63,- ¶ 15 n. 4, 54 P.3d 130 ("[A]ll that is required is that the pleadings be sufficient to give fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved.") (citation and quotation omitted), the notice required by section 63–30–11 should demand even less factual detail.

DAVIS, Judge (dissenting):

¶ 23 I dissent. I agree that the Act requires that a notice of claim "shall set forth ... (i) a brief statement of the facts; (ii) the nature of the claim asserted; and (iii) the damages incurred by the claimant so far as they are known." Utah Code Ann. § 63–30–11(3)(a)(i)–(iii) (Supp.2003). The notice of claim provision, as well as other provisions under the Act, requires strict compliance by claimants. *See Wheeler v. McPherson,* 2002 UT 16,¶ 13, 40 P.3d 632 ("[T]he ... Act demands strict compliance with its requirements to allow suit against governmental entities. The notice of claim provision, particularly, neither contemplates nor allows for anything less."). If a complaint does not strictly comply with the requirements of the Act, plaintiffs cannot bring suit "against the [S]tate or its subdivisions." *Id.* at ¶ 11.

¶ 24 While a notice of claim is required to "provide[ ] the entity being sued with the factual details of the incident that led to the plaintiff's claim," *Rushton v. Salt Lake County,* 1999 UT 36,¶ 20, 977 P.2d 1201, the Act does not further define what constitutes a sufficient "brief statement of the facts." Utah Code Ann. § 63–30–11(3)(a)(i). However, Utah caselaw has established two purposes of the notice of claim. "[T]he purpose[s] of such notice of claim [are] to provide the governmental entity an opportunity to[ (1) ] correct the condition that caused the injury,[and (2) ] evaluate the claim, and perhaps settle the matter without the expense of litigation." *Larson v. Park City Mun. Corp.,* 955 P.2d 343, 345–46 (Utah 1998).[1] "In deciding how to file a notice of claim upon [the State] to satisfy the Act, a claimant has no other choice but to rely upon the statutes and upon the purpose of the notice *statute* ...." *Id.* at 346 (emphasis added).

¶ 25 Based upon the plain language of the Act, *see Dick Simon Trucking, Inc. v. Utah State Tax Comm'n,* 2004 UT 11,¶ 17, 84 P.3d 1197 (" 'When interpreting statutes, we de-termine the statute's meaning by first looking to the statute's plain language, and give effect to the plain language unless the language is ambiguous.' " (citation omitted)); *Lovendahl v. Jordan Sch. Dist.,* 2002 UT 130,¶ 21, 63 P.3d 705 (same), Plaintiff's notice of claim constituted a "brief statement of the facts." Utah Code Ann. § 63–30–11(3)(a)(i). Plaintiff's notice of claim read, in relevant part,

> On December 5, 2001, Ms. Peeples fell in front of a Utah State Liquor Store on ice, which was allowed to accumulate on the sidewalk, from a poorly designed rain gutter that drains onto the top of the sidewalk, rather than underneath it.

Whether the brief statement of the facts in a notice of claim addresses the purposes underlying the notice requirement is, however, fact dependent-a point conceded by the State in its brief as follows:

> The phrase "a brief statement of facts" is not statutorily defined. That is because section 63–30–11, by definition, applies to *any* claim asserted against the State and so it must be general enough to apply to all manner of claims—slip[-]and[-]fall claims such as this case, as well as cases that arise out of very different circumstances. Thus, section 63–30–11(3)(a) must be generally worded in order to fulfill the purposes of the Act in any case.[2]

Relying on *Pigs Gun Club, Inc. v. Sanpete County,* 2002 UT 17,¶ 10, 42 P.3d 379, and *Rushton v. Salt Lake County,* 1999 UT 36,-¶ 20, 977 P.2d 1201, however, the trial court ruled as a matter of law that, in effect, the notice document must contain both the notice requirements in the Act *and* the purposes of the notice statute. This notwithstanding, the State was well aware of which Utah State Liquor Store was the subject of Plaintiff's claim and thereby in a position to (1) "correct the condition that caused the injury," and (2) "evaluate the claim, and perhaps settle the matter without the expense of litigation."

---

1. Notwithstanding the lead opinion's assertion to the contrary, our supreme court has already "improved" the Act. *See Larson v. Park City Mun. Corp.,* 955 P.2d 343, 345–46 (Utah 1998).

2. At oral argument, counsel for the State agreed that respecting certain claims, such as defamation, location would be irrelevant. It is undisputed, however, that location is relevant to the purposes of correcting the condition and evaluating the claim in this case.

*Larson,* 955 P.2d at 345–46.[3] Neither of the cases relied upon by the trial court, nor any of the other so-called actual notice cases, address what constitutes a "brief statement of the facts." Utah Code Ann. § 63–30–11(3)(a)(i); *see Gurule v. Salt Lake County,* 2003 UT 25, ¶ 5, 69 P.3d 1287 (concluding that actual notice by a municipality of a potential claim does not lower the strict compliance standard for filing a notice of claim, but not addressing whether the notice complied with the brief statement of the facts requirement). Although the focus of *Larson* is upon the determination of what constitutes the "governing body" for the purpose of filing a notice of claim, *Larson* is nonetheless instructive. *Larson,* 955 P.2d at 345 (quotations and citation omitted). The *Larson* court, having reiterated the purposes set out in *Stahl v. Utah Transit Authority,* 618 P.2d 480, 482 (Utah 1980), and having declared that "a claimant has no other choice but to rely upon the statutes and upon the purpose of the notice *statute,*" engaged in a purpose-based, fact-intensive analysis to determine which government official is "reasonably and logically" the proper person to receive the filing.[4] *Larson,* 955 P.2d at 346 (emphasis added).

¶ 26 Whether the purposes of the notice of claim are addressed in any given case is contextual and requires a fact inquiry. "Purpose" is defined as "[a]n objective, goal or end," Black's Law Dictionary 1250 (7th ed.1999), "something set up as an object or end to be attained," or "an action in course of execution." Webster's New Collegiate Dictionary 957 (9th ed.1986). Thus, the concept of "purpose" is inherently prospective in nature. A notice of claim that must be relied upon for the recipient to appropriately and prospectively respond would have to contain sufficient information to guide the response. It is absurd, however, having complied with the plain language of the statute, to require a notice of claim to contain information already obtained to accomplish the purpose of providing an opportunity to correct, evaluate, and perhaps settle-a purpose that has already been accomplished and, therefore, is no longer a purpose.

¶ 27 Therefore, I conclude that when determining whether a notice of claim contains a sufficient "brief statement of the facts," Utah Code Ann. § 63–30–11(3)(a)(i), a trial court must, when necessary, make a fact inquiry to determine if the purposes of (1) correcting the condition that caused the injury, and (2) evaluating a claim, and possibly settling the claim without litigation have been satisfied.[5] *See Larson,* 955 P.2d at 345–46. Since the State has refused to concede satisfaction of the purpose requirements in this case, it should have an opportunity to address the issue before the trial court.

¶ 28 Accordingly, I also would reverse the trial court's dismissal, but remand for the purpose of conducting a fact inquiry to determine whether the aforementioned purposes have been satisfied. *See id.*

---

3. I fail to see the point of the lead opinion's analysis of irrelevant strict compliance cases and observation that "[t]he strict compliance standard favors the State."

4. A point counsel for the State refused to concede at oral argument, asserting that some critical person at the State may not have had actual knowledge of the location and needed to rely solely on the notice.

5. *Cf. Johnson v. City of Bountiful,* 996 F.Supp. 1100, 1103 (D.Utah 1998) (ruling that "Utah requires strict compliance with the notice of claim provision. Nonetheless, 'defects in the form or content of notices of claim do not always act to bar a claim.' By including the police report and informing Bountiful that Plaintiff was injured, the letter may satisfy the first required element of a notice of claim." (citation and emphasis omitted)).